[S. F. No. 5699.   Department Two.—August 5, 1912.]

## G. W. MITCHELL, Jr., Petitioner, v. SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and W. M. CONLEY, Acting Judge Thereof, Respondents.

CONTEMPT—FAILURE TO PAY ALIMONY—AFFIDAVIT MUST SHOW CONTEMPT—JURISDICTION.—In a proceeding to punish for a contempt for noncompliance with an order directing a husband, the defendant in a divorce action, to pay his wife alimony and ·counsel fees, the affidavit or affidavits upon which the proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting a contempt, the court is without jurisdiction to proceed.

ID.—RECITALS IN AFFIDAVIT—APPEARANCE OF DEFENDANT IN ALL DIVORCE PROCEEDINGS—PRESENCE AT MAKING OF ORDER FOR ALIMONY—ADMISSION OF RECITAL.—A recital in the affidavit forming the basis of such contempt proceeding that the defendant duly appeared in the divorce action "in all the proceedings therein, and at all the times and dates herein mentioned," followed by the statement that on a specified day the order for alimony and counsel fees was made, is equivalent to an allegation that the defendant was present when the order was made, and, if not denied, rendered it unnecessary to allege or prove, on the hearing of the contempt, that he had been served with notice of the original order.

ID.—WIFE MAY INAUGURATE AND TESTIFY IN CONTEMPT PROCEEDING.—Such a contempt proceeding, although partaking of some of the characteristics of a prosecution for a criminal offense, is in its nature ancillary to the divorce action and subject to the rules with reference to the competency of witnesses in that action, and the wife is not debarred, by section 1322 of the Penal Code, or by subdivision 1 of section 1881 of the Code of Civil Procedure, either from instituting the proceeding by her affidavit or from sustaining it by her testimony.

APPLICATION for a Writ of Certiorari directed to the Superior Court of the City and County of San Francisco and to W. M. Conley, the Acting Judge thereof.

The facts are stated in the opinion of the court.

F. H. Dam, for Petitioner.

Arthur E. Nathanson, for Respondents.

MELVIN, J.—*Certiorari* directed to a judge of the superior court to the end that this court might examine the proceedings whereby the petitioner, G. W. Mitchell, Jr., was found guilty of contempt.

It appears from the record that an action for divorce was pending in the superior court of the city and county of San Francisco, in which Edith Mitchell was plaintiff and this petitioner was defendant. On or about September 25, 1908, after due proceedings, the court ordered the payment of certain counsel fees and also monthly sums for the support of said plaintiff, Edith Mitchell, *pendente lite.* Thereafter, upon the affidavit of Edith Mitchell being filed, the court issued an order requiring G. W. Mitchell, Jr., to show cause why he should not be punished for contempt of court because of his failure to comply with the direction to pay alimony and counsel fees. After a hearing he was found guilty and it was adjudged that he be imprisoned in the county jail of the city and county of San Francisco for the term of five days. Petitioner contends that the court never obtained jurisdiction of the proceeding because of the defects in the affidavit. The rule upon this subject in California is well settled. "The affidavit or affidavits upon which the contempt proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting a contempt, the court is without jurisdiction to proceed." (*Hutton* v. *Superior Court,* 147 Cal. 159, [81 Pac. 410].) The same rule was announced in *Batchelder* v. *Moore,* 42 Cal. 415; *Overend* v. *Superior Court,* 131 Cal. 284, [63 Pac. 372]; *Rogers* v. *Superior Court,* 145 Cal. 91, [78 Pac. 344]; *Otis* v. *Superior Court,* 148 Cal. 130, [82 Pac. 853]; *Frowley* v. *Superior Court,* 158 Cal. 220, 226, [110 Pac. 817].) Petitioner's first and principal objection to the affidavit is that it fails to state that a certified or any copy of the order for the payment of alimony was personally served upon him, or that he had actual knowledge of the signing and filing of said order or of its contents. The affidavit, however, contains a recital "That the defendant has duly appeared in the above entitled action in all the proceedings therein, and at all the times and dates herein mentioned." This is followed by the statement that on September 25, 1908, "upon due proceedings therefor first had and obtained, the above entitled court duly

made its order, ordering and directing that the said G. W. Mitchell, Jr., pay to the said Edith Mitchell, Jr.,'' certain sums by way of allowance for maintenance and attorney's fees *pendente lite.* This language amounts to an allegation that defendant was present when the order was made. It was, consequently, unnecessary to allege or to prove that he had been served with notice of the original order. (*Ex parte Cottrell,* 59 Cal. 418; *In re McCarty,* 154 Cal. 537, [98 Pac. 540].)

An effort was made to show by the affidavit of one Reinicke, made during the progress of the hearing, that he had served upon G. W. Mitchell, Jr., a copy of the order for the payment of allowance for maintenance and counsel fees shortly after it was made. Petitioner makes objection both to the introduction of this affidavit and the denial to him of the right to cross-examine Reinicke, and also asserts that the affidavit is insufficient to show service of the order according to law. We find it unnecessary, however, to determine these matters, because the undenied allegation of defendant's presence at the time of the making of the order rendered a showing of service of notice upon him entirely unneccessary.

Complaint is made that his counsel was not permitted to read petitioner's affidavit on the day of the hearing of the order to show cause. The certified record fails to indicate any such state of facts; consequently, we cannot consider the point.

Petitioner also insists that the proceeding to punish him for contempt being in the nature of a criminal prosecution, it cannot be inaugurated nor supported by the affidavit of his wife. In this behalf he cites section 1322 of the Penal Code, and section 1881, subdivision 1, of the Code of Civil Procedure. His position, briefly stated, is that the proceeding to punish for contempt of court one who disobeys a lawful order is a criminal proceeding designed to "vindicate the dignity and authority of the court" (*Ex parte Gould,* 99 Cal. 362, [37 Am. St. Rep. 57, 21 L. R. A. 751, 33 Pac. 1112]); that therefore it is not "a criminal action or proceeding for a crime committed" by the husband against the wife; and that if we regard it as a civil proceeding the result will be the punishment of the offending party by imprisonment for debt. If this were an independent prosecution unconnected with

the civil action to which the husband and wife are parties there would be much force in petitioner's argument, but the right of the wife to testify in an ancillary proceeding of this sort has never been questioned. This proceeding, although partaking of some of the characteristics of a prosecution for a criminal offense, is properly entitled in the style of the divorce proceeding itself and not as a separate action. The court takes cognizance of the pendency of the main cause and there is no necessity of setting forth in the affidavit that fact or "the provisions of the order which has been violated." (*Ex parte Ah Men,* 77 Cal. 200, [11 Am. St. Rep. 263, 19 Pac. 380].) It has been held that the sections limiting the right of one spouse to give testimony against the other should receive a liberal construction. (*People* v. *Langtree,* 64 Cal. 256, [30 Pac. 813] ; *People* v. *Loper,* 159 Cal. 13, [Ann. Cas. 1912B, 1193, 112 Pac. 720].) A construction refusing to a wife, suing for a divorce, a right to institute this ancillary proceeding by her affidavit and to sustain it by her testimony would be most illiberal and strained. The purpose of the affidavit is not merely to set in motion the machinery of the law for the punishment of the delinquent litigant. Its prayer is that he be required to show cause why he has not complied with the court's command. This clearly differentiates the proceeding from the ordinary criminal prosecution and emphasizes its quality as something ancillary to the divorce action and subject to the rules with reference to the competency of witnesses in that cause.

Let the writ of review be discharged.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.