[Crim. No. 894.   Third Appellate District.—November 5, 1925.]

## In the Matter of the Application of ALFRED LINDSLEY for a Writ of Habeas Corpus.

[1] CONTEMPT OF COURT—SUFFICIENCY OF AFFIDAVIT—HABEAS CORPUS —JURISDICTION.—On an application for a writ of *habeas corpus* to secure the release of petitioner from custody on a commitment for contempt of court, arising out of certain publications in a newspaper of which petitioner was the editor, jurisdiction is the only question that can be considered, and where the affidavit upon which the proceeding for contempt is based alleges that the publications were made for the purpose of influencing the conduct of the jurors in a criminal libel action pending against petitioner and the testimony of the witnesses in the trial about to be had in such action, such allegations must be taken as true.

[2] ID.—PUBLICATION OF LIBELOUS STATEMENTS—INTERFERENCE WITH ADMINISTRATION OF JUSTICE.—The purpose of a contempt proceeding is not that of punishing a person for the mere publication of libelous statements against the witnesses or officers of the court or the judge thereof, but to punish for the improper interference with the orderly administration of justice in the trial of a case in court and the decision thereof.

[3] ID. — LIBERTY OF PRESS — CONSTITUTIONAL LAW — INTERFERENCE WITH ADMINISTRATION OF JUSTICE.—Liberty of the press as guaranteed by the constitution does not permit publication respecting pending causes which are reasonably calculated to interfere with the due administration of justice; and it is a contempt to issue publications which are calculated to prejudice or prevent fair and impartial action in a cause of judicial investigation then pending, including those which seek to influence judicial action by threats or other form of intimidation, which reflect on the court, counsel, parties, or witnesses, respecting the cause, or which tend to corrupt or embarrass the due administration of justice. To constitute contempt the publication need not be made in the place where the court is held; circulation in and about such place is sufficient; neither is it necessary to show that they were read by the jurors or by those whose conduct was sought to be influenced by them, nor that the court was affected by the publication; and the publication may constitute

1.   See 5 Cal. Jur. 957; 6 R. C. L. 540.
2.   See 5 Cal. Jur. 890.
3.   See 5 Cal. Jur. 905; 6 R. C. L. 509.

contempt whether it is true or false, or though it concerns a trial thereafter to be had.

[4] ID.—HABEAS CORPUS—AFFIDAVIT—PLEADING—EVIDENCE.—In this proceeding on *habeas corpus* to secure the release of petitioner from custody on a commitment for contempt of court, arising out of certain publications in a newspaper of which petitioner was the editor, the facts alleged in the affidavit upon which the proceedings for contempt was based were found sufficient to show wilful contempt; and the sufficiency of the evidence presented to sustain the charge upon which petitioner was held cannot be reviewed in such proceeding.

(1) 29 C. J., p. 96, n. 18, p. 100, n. 48 New.  (2) 13 C. J., p. 36, n. 12 New.  (3) 13 C. J., p. 34, n. 89, 90, 91, 92, p. 35, n. 93, 94, 96, 97, 98, 99, 1, p. 36, n. 14.  (4) 29 C. J., p. 46, n. 68, p. 96, n. 14.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from custody on a commitment for contempt of court. Denied.

The facts are stated in the opinion of the court.

Metzler & Mitchell and V. A. McGeorge for Petitioner.

FINCH, P. J.—This is an application for a writ of *habeas corpus*. The petitioner was adjudged guilty of contempt of court and sentenced to pay a fine, or in default of the payment thereof to be imprisoned in the county jail. He is now so imprisoned. The petition alleges that the affidavit upon which the proceeding for contempt is based is insufficient and that no proof of the facts stated in the affidavit was produced at the hearing. It appears from the affidavit that an action against the petitioner for criminal libel was pending in the superior court of Humboldt County; that the cause had been set to be tried on the twenty-sixth day of October, 1925; that the names of sixty persons had been drawn from the trial jury box from which to impanel a jury to try the cause; that the petitioner is the editor of a newspaper published and circulated in the city of Eureka and county of Humboldt, and having a large number of subscribers in that county; that after the drawing of said names from the jury-box, in four separate

4.  See 5 Cal. Jur. 958.

issues of said newspaper, the petitioner published therein certain statements, which are set out at length, attacking the district attorney of the county and impugning his motives in respect to his prosecution of said criminal action and reflecting upon the character and veracity of the prosecuting witness therein, for the purpose and with the intent of influencing the jurors who had been so drawn and of influencing witnesses against testifying for the prosecution and of interfering with the administration of justice. Among other things, the published statements referred to the prosecuting witness as "a former admitted stool pigeon, and the man who made a perjured expense bill against the county, later stolen from the supervisors' files." [1] Since jurisdiction is the only question which can be considered on *habeas corpus* in a case of this character, the allegations of the affidavit must be taken as true and it must be presumed that the publications were made for the purpose of influencing the conduct of the jurors and the testimony of the witnesses in the trial about to be had.

[2]   The purpose of a contempt proceeding is not that of punishing a person for the mere publication of libelous statements against witnesses or officers of the court or the judge thereof. The laws relating to libel are enacted for the accomplishment of that purpose. The only legitimate purpose of a contempt proceeding, in a case such as this, is to punish for the improper interference with the orderly administration of justice in the trial of a case in court and the decision thereof.

[3]   "Liberty of the press as guaranteed by the constitution does not permit publications respecting pending causes which are reasonably calculated to interfere with the due administration of justice. Hence the rule is now firmly settled that it is contempt to issue publications which are calculated to prejudice or prevent fair and impartial action in a cause of judicial investigation then pending, including those which seek to influence judicial action by threats or other form of intimidation, which reflect on the court, counsel, parties, or witnesses, respecting the cause, or which tend to corrupt or to embarrass the due administration of justice. . . . To constitute contempt the publication need not be made in the place where the court is

held; circulation in and about such place is sufficient; neither is it necessary to show that they were read by the jurors or by those whose conduct was sought to be influenced by them, nor that the court was affected by the publication. According to the weight of authority the publication may constitute contempt whether it is true or false. . . . Publications concerning a trial thereafter to be had may constitute contempt." (13 C. J. 34.) **[4]** The facts alleged in the affidavit upon which the proceeding for contempt is based are clearly sufficient to show wilful contempt within the foregoing rule. "The sufficiency of the evidence presented to sustain the charge upon which the prisoner is held . . . cannot be reviewed on *habeas corpus.*" (29 C. J. 46; *In re Jacobs,* 175 Cal. 661 [166 Pac. 801].)

The application is denied.

Hart, J., and Plummer, J., concurred.