[Civ. No. 3046.   Third Appellate District.—February 3, 1926.]

ALFRED LINDSLEY, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY et al., Respondents.

[1] CONTEMPT—UNLAWFUL INTERFERENCE WITH PROCEEDINGS OF COURT —NEWSPAPERS—PUBLICATION—AFFIDAVITS—JURISDICTION.—An affidavit in a contempt proceeding which alleges that the editor and publisher of a newspaper published and circulated in the county in which an action of criminal libel was pending against him certain articles which were calculated to hold up to ridicule and opprobrium the proceedings then pending against him in the superior court, to cast reflections upon the honesty of purpose of the prosecuting officers and of the witnesses that would appear at the trial of the action for the purpose of embarrassing the court and unduly influencing jurors and witnesses, was sufficient to show the contemptuous acts charged and contains all the necessary allegations constituting the alleged contempt necessary to give the court jurisdiction to proceed under subdivision 9 of section 1209 of the Code of Civil Procedure.

[2] ID. — CONSTRUCTIVE CONTEMPT — PROCEDURE — TAKING OF TESTIMONY.—In a contempt proceeding instituted under the second paragraph of section 1211 of the Code of Civil Procedure, relating to contempts not committed in the immediate view and presence of the court, the taking of testimony is not required in absolute terms by section 1217 of the Code of Civil Procedure but only that the court must investigate the charge and hear any answer which the person arrested may make and may examine witnesses for or against him, not that the court must or shall summon witnesses for or against the person ordered to show cause, when there is no necessity therefor, or when the defendant expressly rests his case upon the statement, in substance, that he has nothing to place before the court.

[3] ID.—AFFIDAVITS—FACTS—JURISDICTION.—In a proceeding for constructive contempt of court, the affidavit upon which the order to show cause is based must set forth the facts constituting the contempt in order to give the court jurisdiction to proceed; not merely the ultimate facts, but the facts themselves, showing acts specifically constituting the contempt.

1.  See 5 Cal. Jur. 906; 6 R. C. L. 509.
3.  See 5 Cal. Jur. 938.

[4] ID.—RECITALS IN AFFIDAVIT—FAILURE TO DENY ALLEGATIONS.—In the case of a constructive contempt, where an answer has been filed denying the allegations of the affidavit, an issue is presented and witnesses are called and examined and a trial had as in other cases; but inasmuch as the affidavit serves as a complaint, allegations in the affidavit that are not denied in the answer are deemed to be admitted.

[5] ID.—INVESTIGATION OF CHARGES BY THE COURT—EVIDENCE.—Section 1217 of the Code of Civil Procedure, which provides that the court may examine witnesses for or against the person alleged to be in contempt and requiring the court to investigate the charge, does not mean that the court must necessarily look outside of the record evidence presented to it to determine the accuracy or truthfulness of matters alleged, which are undenied or uncontradicted, but the court may investigate the charge by examining the affidavit to determine what is submitted to it without further evidence relating to the same matters.

[6] ID.—CERTIORARI—AFFIDAVIT—PLEADING—EVIDENCE.—In a proceeding in *certiorari* to review an order of the superior court adjudging petitioner guilty of contempt of court, arising out of certain publications in a newspaper of which petitioner was the editor, the evidence cannot be reviewed in so far as it affects or applies to the merits of the case, but it can be considered only for the purpose of ascertaining whether there was proof of the jurisdictional facts alleged in the affidavit.

[7] ID.—PLEADING—EVIDENCE.—Where the defendant in a contempt proceeding, in response to an order to show cause why he should not be adjudged guilty of contempt for having done the acts charged in the affidavit, filed a motion to quash and a demurrer, and, after an adverse ruling on both his motion and his demurrer, announced that he "rested his case without putting anything before the court," he did those acts which amounted to an admission of guilt, or plea of guilty of whatever was charged against him in the affidavit; and if, upon an investigation of the affidavit and consideration of the facts therein alleged under oath, the court is satisfied beyond a reasonable doubt that the defendant was guilty of each of the several contempts charged, it has jurisdiction to pronounce judgment; and the petitioner having had his opportunity to make answer and present any defense, excuse, or explanation that he saw fit every constitutional right guaranteed to him was preserved and he cannot complain of the judgment of contempt if he chose to submit his case upon the affidavit already submitted to the court.

4.  See 5 Cal. Jur. 945.
6.  See 5 Cal. Jur. 956; 5 R. C. L. 262.

[8] ID.—ACTS CONSTITUTING SEPARATE CONTEMPTS—JUDGMENTS.—The publication on different dates in a newspaper of which petitioner was editor of different articles which were calculated to interfere with the due administration of justice and which were published for the purpose of influencing the conduct of the jurors in a criminal libel action pending against petitioner, in violation of subdivision 9 of section 1209 of the Code of Civil Procedure, each publication being charged separately in different counts of the affidavit, constituted separate and distinct contempts for which the court was authorized to pronounce judgment.

[9] ID.—FINES—SEPARATE CONTEMPTS.—Where the fine for any of the contempts of which petitioner was adjudged guilty was not in excess of the amount authorized to be imposed by the provisions of section 1218 of the Code of Civil Procedure, the appellate court is not authorized to hold the aggregate amount of such fines excessive.

---

(1) 13 C. J., p. 65, n. 85.   (2) 13 C. J., p. 76, n. 84 New.   (3) 13 C. J., p. 65, n. 85.   (4) 13 C. J., p. 74, n. 55 New, p. 79, n. 19 New, p. 82, n. 62, 63, 64, 65.   (5) 13 C. J., p. 76, n. 84 New.   (6) 13 C. J., p. 35, n. 98, p. 102, n. 73 New, p. 104, n. 21; 16 C. J., p. 394, n. 41, 54, 55, 56, p. 404, n. 83, 86, 87; 31 C. J., p. 821, n. 64, 65, 66, 67, 82, 86, p. 822, n. 87, 91.   (7) 13 C. J., p. 103, n. 98 New.   (8) 13 C. J., p. 36, n. 12 New, p. 82, n. 74 New.   (9) 13 C. J., p. 105, n. 36.

PROCEEDING in Certiorari to review an order of the Superior Court of Humboldt County adjudging petitioner guilty of contempt of court. Denver Sevier, Judge. Writ denied.

The facts are stated in the opinion of the court.

Metzler & Mitchell for Petitioner.

Arthur W. Hill, District Attorney, and Paul B. Gibson, Deputy District Attorney, for Respondents.

PLUMMER, J.—This is an application for a writ of *certiorari* to review the judgment of the Superior Court of Humboldt County adjudging the defendant guilty of four separate and distinct contempts of court and imposing sentence therefor. The petitioner was adjudged guilty of four distinct contempts of court and sentenced to pay a fine for each separate contempt, or, in default thereof, to be im-

prisoned in the county jail. The petitioner is charged in the affidavit with having on four different occasions committed contempt of court by reason of printing, publishing, and circulating certain articles in a newspaper known as the "Humboldt News," in the county of Humboldt, violative of subdivision 9 of section 1209 of the Code of Civil Procedure. The charge is in four separate and distinct counts and judgment was pronounced upon each count. The petitioner alleges that the affidavit upon which the proceeding is based is insufficient and that no proof of the facts stated in the affidavit was produced at the hearing; that no hearing, in fact, was had. It appears from the affidavit that an action against the petitioner for criminal libel was pending in the Superior Court of Humboldt County; that the cause had been set for trial on the twenty-sixth day of October, 1925; that the names of sixty persons had been drawn from the trial jury box from which to impanel the jury; that the petitioner is editor of the newspaper above mentioned, printed, published, and circulated in the city of Eureka and county of Humboldt; that said newspaper has a large number of subscribers in said county; that after the drawing of said names from the said jury-box, in four separate issues of said newspaper the petitioner published therein certain statements, which are set forth at length in this proceeding, attacking the district attorney of the county, impugning his motives in respect to the prosecution of said criminal action, and reflecting upon the character and veracity of the prosecuting witnesses therein; that said articles were respectively published and circulated for the purpose and with the intent of creating public sympathy for the defendant, the petitioner herein, and for the purpose and with the intent of influencing the judgment and opinion of witnesses who may have been or might be summoned to act as jurors in the trial of said action, and also to intimidate witnesses against testifying for the prosecution therein and to embarrass the judge of said court in the trial thereof, and to interfere with the administration of justice. The statements so published referred to the prosecuting witness as a former admitted stool-pigeon, a man who had presented a perjured expense bill against the county and later stolen the same from the supervisors' files. As shown by the return herein the articles published are too numerous and

lengthy to be set out in this opinion, but were all cal-
culated to hold up to ridicule and opprobrium the proceed-
ings then pending against petitioner in the Superior Court
of Humboldt County, to cast reflection upon and question
the honesty of purpose of the prosecuting officers and of the
witnesses that would appear at the trial of said action.
These matters are all specifically set forth in the affidavit
which was filed in the contempt proceedings, and the affi-
davit further set forth that the petitioner knew of the
pendency of said action, of the prosecuting witness therein,
whom the petitioner had named in the articles referred to,
and that the articles so printed and published and circulated
in the county of Humboldt were for the purpose of em-
barrassing the court and unduly influencing jurors and
witnesses. **[1]** Without further review of the evidence we
may conclude our review to this part of the cause by stating
that the facts set forth in the affidavit are sufficient to show
the contemptuous acts charged against the petitioner in
each count therein and contains all of the necessary allega-
tions and recital of the things constituting the alleged con-
tempt necessary to give the court jurisdiction to proceed.

After the making and filing of the affidavit just herein
referred to and the presentation of the same to the court,
the court made and entered its order reciting that upon
reading and filing of the affidavit, and good cause appearing
therefor, it was ordered that the said Alfred Lindsley be and
appear before said court at 10 o'clock on the thirtieth day
of October, 1925, then and there to show cause, if any he
had, why an order and judgment of the court should not be
made adjudging him guilty of contempt. This order and
affidavit were served upon the petitioner. At the time set
in the order to show cause the petitioner appeared with his
counsel, and, upon the calling of the case, first filed a
motion to quash each of the four counts set forth in the
affidavit, specifying a number of grounds therefor: (1)
That the court had no jurisdiction to issue the order to show
cause, etc.; (2) that the acts, facts, and things specified
did not constitute a contempt of court. Upon the denial of
this motion the defendant and petitioner herein then filed a
demurrer raising the question of jurisdiction and setting
forth in the demurrer specifically the same grounds as
contained in the motion to quash; that none of the counts

set forth facts sufficient to constitute a contempt; want of facts and lack of jurisdiction being urged in the demurrer against each one of the several counts. The record further shows that after argument the motion to quash was denied and the demurrer overruled; whereupon, according to the reporter's notes, set forth in the transcript, the petitioner's counsel then said: "We rest without putting anything before the court." The recital in the judgment as to this particular is as follows: "After argument said motion to quash was denied and said demurrer was overruled; thereupon said Metzler & Mitchell, as counsel for said Lindsley, announced in open court that they had nothing further to offer." Following this statement the court pronounced its judgment finding that the acts and matter set forth in each of the four counts contained in the affidavit constituted separate and distinct contempts and adjudging the petitioner herein guilty on each of said four counts, imposing separate and distinct fines for each count, with imprisonment in jail in lieu of payment at the rate of two dollars per day.

[2] It is now contended that the judgment of the court is void, by reason of the fact that no further evidence was offered in the case, that there was nothing before the court except the affidavit and the order to show cause, to which we have herein referred, that testimony should have been taken, and, in substance, that the court was without jurisdiction to pronounce judgment without first proceeding to take testimony.

This proceeding was instituted under the second paragraph of section 1211 of the Code of Civil Procedure, which specifies that "when the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court, or judge, of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officer." Section 1212 of the Code of Civil Procedure then directs that a warrant of attachment or an order to show cause shall be issued. In this case the affidavit was filed and then an order to show cause was issued. Coming to section 1217 of the same code, we find: "When the person arrested has been brought up or appeared, the court or judge must proceed to investigate the charge, and must hear any an-

swer which the person arrested may make to the same, and may examine witnesses for or against him . . . '' After these proceedings have been had, section 1218 of the same code reads: ''Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding five hundred dollars, or he may be imprisoned not exceeding five days, or both.'' The wording of section 1217 of the Code of Civil Procedure does not require, in absolute terms, the taking of testimony. It does require that the court must investigate the charge; must hear any answer which the person arrested may make, and may examine witnesses for or against him, not that the court must or shall summon witnesses for or against the person ordered to show cause, when there is no necessity therefor, or when the defendant expressly rests his case upon the statement, in substance, that he has nothing to place before the court.

[3] It must be borne in mind, also, that the affidavit upon which such an order to show cause is based must set forth the facts constituting the contempt in order to give the court jurisdiction to proceed; not merely the ultimate facts, but the facts themselves, showing acts specifically constituting the contempt. In this particular the affidavit differs from the formal language ordinarily found in an information or indictment. The affidavit, in itself, in a contempt proceeding must be evidentiary in character in order to show the contempt alleged and lay a basis for the proceeding. As stated in *Frowley* v. *Superior Court,* 158 Cal. 220 [110 Pac. 817], ''in proceedings for constructive contempts of court, that is, contempts committed without the presence of the court, the affidavit which is made the basis for the proceedings should show upon its face the acts which constitute a contempt. The affidavit constitutes the complaint, and unless it contains a statement of the facts which show that a contempt has been committed the court is without jurisdiction to proceed in the matter.'' (See *Strain* v. *Superior Court,* 168 Cal. 216 [Ann. Cas. 1915D, 702, 142 Pac. 62]; *Mitchell* v. *Superior Court,* 163 Cal. 423 [125 Pac. 1061].)

[4] In the case of a constructive contempt, where an answer has been filed denying the allegations of the affidavit, an issue is presented and witnesses are called and examined and a trial had, as in other cases. (*In re Buckley,* 69 Cal. 1 [10 Pac. 69].) In 5 Cal. Jur. 945, section 41, we find the further statement: "Inasmuch as the affidavit serves as a complaint in a charge of constructive contempt, allegations in the affidavit that are not denied in the answer are deemed to be admitted." (See, also, *Mitchell* v. *Superior Court,* 163 Cal. 423, 425 [125 Pac. 1061].) *Hotaling* v. *Superior Court,* 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73], states the rule: "The affidavits on which the citation is issued constitutes the complaint. The affidavits of the defendant constitute the answer or plea . . . and the issues of fact are framed by the respective affidavits serving as pleadings." It is also further held that such proceedings are of such a criminal nature that the defendant cannot be compelled to be a witness against himself. It is further held in that case that while a writ of *certiorari* is not a writ of review, it nevertheless extends to the whole of the record and even to the evidence itself where necessary to determine jurisdiction. While not expressly so stating, the necessary inference to be drawn from the language used in the second paragraph on page 506 of the opinion in the Hotaling case, *supra,* is that competent evidence must be adduced to support the allegations which are traversed, leading to the logical determination that where allegations are not traversed no additional testimony need be presented to the court.

"A party charged with contempt has the same inalienable right to be heard in his defense, especially in instances of mere constructive contempt, as he would have against the charge of any other crime. And in the proceeding for such a contempt, an issue is made up by the affidavit and answer, witnesses are called and examined and a trial is had as in other cases. While affirmative allegations contained in an affidavit of the defendant in contempt proceedings for the disobedience of an injunction cannot be deemed established without a trial to determine the issues so joined, yet the production of witnesses may be waived in such proceedings and the party may consent to try the case on the evidence" (5 Cal. Jur. 943, sec. 40). As to what the record should show, we find the following in 13 C. J., page 82: "The

judgment should show on its face that the court had juris-
diction to inflict the penalty, and that the judgment was
warranted by the pleadings. In cases of constructive con-
tempt it should show that the accused had been given an
opportunity to be heard in his defense. The punishment
inflicted should be clearly and specifically stated." [5]
Outside of providing that the court may examine witnesses
for or against the person alleged to be in contempt, section
1217 of the Code of Civil Procedure requires the court to
investigate the charge. This does not mean that the court
must necessarily look outside of the record evidence pre-
sented to it to determine the accuracy or truthfulness of
matters alleged, which are undenied or uncontradicted when
submitted to the court for decision. The court may in-
vestigate the charge by examining the affidavit to deter-
mine what is set forth and submitted to it without fur-
ther evidence relating to the same matters. We do not see
that the case of *Roe* v. *Superior Court*, 60 Cal. 93, con-
travenes these propositions. The opinion in the Roe case
is brief but it appears that affidavits charging contempt
were filed and that Roe had filed an answer thereto. The
court said: "It is contended that according to the statute
witnesses must be examined (Code Civ. Proc., sec. 1217), and
the judgment must be on the answer and evidence (Id., sec.
1218). That is so, but it does not appear that this course
was not pursued." The opinion further says: "Moreover,
the production of witnesses might have been waived and
Roe might have consented to trying the case on affidavits."
That is practically what the petitioner in this case did
when his counsel announced: "We rest without putting any-
thing before the court." Two cases have expressly been
called to our attention, having to do with procedure in
contempt proceedings: *Herald-Republican Pub. Co.* v. *Lewis,*
42 Utah, 188 [129 Pac. 624], and *Zobel* v. *People,* 49 Colo.
142 [111 Pac. 846]. We quote from the Herald-Republican
Pub. Co. case, *supra,* which is relied upon by the petitioner
herein as showing ample reasons why the judgment of the
trial court should be annulled, as follows: "The other al-
leged grounds may be considered together. And in this
connection we think the last ground—rendering a judg-
ment on pleadings adjudging the accused guilty of the
charged contempt without evidence or proof or a hearing—

presents the most serious question. Our statute (Comp. Laws 1907, sec. 3360) provides that, when a contempt is not committed in the immediate view and presence of the court or judge, an affidavit shall be presented to the court or judge 'of the facts constituting the contempt.' Upon that a warrant of attachment is issued 'to bring the person charged to answer.' By section 3366, it is provided that, 'when the person arrested has been brought up or has appeared, the court or judge must proceed to investigate the charge, and must hear any answer which the person arrested may make to the same, and may examine witnesses for or against him.' By section 3367, 'upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding $200, or he may be imprisoned not exceeding thirty days or both.'

"The petitioners allege, and the allegations are not denied, but are supported by the record, that the court adjudged the accused guilty upon the affidavits and answers 'without proof or evidence,' without an investigation of the charge, and without a trial or a hearing. Though sufficient facts are alleged to constitute a constructive and criminal contempt and though the person charged therewith stands mute, still the court under the statute may not treat such allegations as confessed, and upon them pronounce a judgment of conviction. The court nevertheless is required 'to investigate the charge.' It no doubt may, without proof or evidence, pronounce such a judgment if a plea of guilt or an answer equivalent thereto is entered." While citing from this case, in considering the point relied upon by the petitioner, we may also quote therefrom the following statement, sustained by a long list of authorities there set forth, to wit: "The authorities are almost, if not quite, unanimous that, if any act or conduct of any publication is 'calculated to intimidate, influence, impede, embarrass, or obstruct the courts in the due administration of justice in matters pending before them,' it constitutes a contempt of court. Moreover, it is also frequently stated in the cases that if any wilful act or conduct, or any publication, has a tendency to prevent a fair trial, or tends to prejudice the public or jurors against an accused person on trial for an offense, or

the tendency of which publication is to prejudice the rights of either party to a civil action, such act, conduct, or publication may be punished as for a contempt of court.'' As stated, the citation of authority supporting this rule is legion.

It will be observed that the opinion of the court in the Herald-Republican case was based upon the predicate that an answer had been filed to the affidavits presented to the court charging contempt; that every allegation contained in the affidavits was denied save and except the mere fact of publication. The trial court held that the fact of publication being admitted, carried with it all the other acts, including the intent necessary to constitute contempt and admitted of no other proof in the case. It is also stated, after quoting the language that the court is required to investigate the charge: ''and nothing short of a plea of guilty, or its equivalent, will justify a judgment of conviction without evidence, and without an investigation of the charge.''

In *Zobel* v. *People,* 49 Colo. 142 [111 Pac. 846], the proceedings were identical with those in the case at bar. Upon the return day or order to show cause, the defendant first presented a motion to quash, which being denied, he filed a demurrer, which, being overruled, from the language of the opinion, ''no desire was manifested by the defendant in the contempt proceedings to plead, and no request was made for leave to make any answer or further return than the motion to quash or demurrer already referred to.'' The court thereupon adjudged the defendant guilty of contempt. The court then proceeds to consider the provisions of the Colorado code relating to contempts, which provisions are almost identical with those contained in our Code of Civil Procedure, and then says: ''When defendant presented himself in court in response thereto, instead of making an answer denying the facts set up in the affidavit on which the entire proceeding for contempt was based, and without asking to have witnesses examined or evidence heard, and without making any showing at all in opposition to the affidavit, he filed a motion to quash the proceedings, which, in more than one particular, is a general demurrer. It was overruled. The court was ready to proceed with the investigation. No request was made by the defendant to plead over, or to answer the affidavit further. There was no denial of defendant's alleged

right to plead over, or to produce evidence. The court was ready to grant it if demanded. Section 328 of the code says: 'The court shall proceed to investigate the charge, and hear any answer which defendant may make to the same, and may examine witnesses.' The court heard the only answer which was a demurrer or motion to quash, that defendant made, and, so far as the record shows, would have heard evidence, had defendant offered to produce any. The court, then, on due application, adjudged defendant guilty of contempt, under the uncontradicted affidavit. . . . We fail to see wherein there has been a departure from the statutory proceeding in this case. . . . Section 328 provides that the court may hear witnesses; but certainly, in the absence of any request by defendant therefor, when he himself rests his defense upon a motion to quash or a demurrer, thereby confessing the affidavit, there is no necessity for the court to conduct a hearing or take evidence.''

[6] This court has already held that the facts alleged in the affidavits upon which the proceeding for contempt was based are clearly sufficient to show wilful contempt within the foregoing rule (discussing the rule relating to publications tending to embarrass the proceedings pending in court, etc.). It is also there held by this court that it is not necessary to show that the jurors, or prospective jurors, actually read the article so published. In the *Matter of Application of Lindsley for a Writ of Habeas Corpus,* 75 Cal. App. 122 [241 Pac. 934], where the petitioner's application for discharge on a writ of *habeas corpus* was denied, the rule is also well settled that, upon proceedings in *certiorari,* the evidence cannot be reviewed in so far as it affects or applies to the merits of the case; it can be considered only for the purpose of ascertaining whether there was proof of the jurisdictional facts alleged in the affidavit. (*Strain* v. *Superior Court,* 168 Cal. 216 [Ann. Cas. 1915D, 702, 142 Pac. 62]; *Hotaling* v. *Superior Court,* 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73]; *Livingston* v. *Superior Court,* 117 Cal. 633 [38 L. R. A. 175, 49 Pac. 836].)

As analogous to the proceedings had in this case, we may refer to the provisions of the Penal Code and also to the common law applying to ordinary criminal cases where a like situation is presented. Section 1011 of the Penal Code reads: "If the demurrer is disallowed, the court must per-

mit the defendant, at his election, to plead, which he must do forthwith, or at such time as the court may direct. If he does not plead judgment may be pronounced against him.'' This section of the Penal Code has been held constitutional by the supreme court in the case of *People* v. *King,* 28 Cal. 265. While the holding appears to have been unnecessary in the King case, the section certainly applies to misdemeanors and offenses such as the one at bar, which is not even classified in the codes as a crime. In 31 C. J. 821, the text-writer, referring to pleas upon felonies, uses the following language: ''Upon demurrer the court will examine the entire record in order to determine whether a judgment thereon would be warranted. A demurrer admits the truth of all the facts which are sufficiently pleaded, but not facts which are insufficiently pleaded, or the mere conclusions of the pleader,'' and then when it comes to treating of misdemeanors, where the demurrer has been overruled, the text-writer, in section 409 thus sets forth the common-law rule: ''In the case of misdemeanors, it is generally held that a judgment overruling a demurrer operates as a conviction, and that while it is within the discretion of the court to allow defendant to plead over, he cannot do so as a matter of right, except in some jurisdictions or unless the right is given by statute. While there is some authority to the contrary, it seems likewise that the right to plead over as a matter of right does not exist even in the case of felony; but it is discretionary with the court to allow defendant to plead over, and such plea is ordinarily allowed. Upon a failure and refusal to plead, the court may enter final judgment.'' In 16 C. J., page 394, section 724, the rule is again announced that, in prosecution for misdemeanors, in the absence of a statute, ''if defendant plead in abatement, or specially in bar, or if he demur, he cannot plead not guilty, either at the same time or after the issue on the plea or the demurrer has been decided against him; but he may be sentenced as upon a conviction, unless the court in its discretion allows him so to do.'' In section 722, *supra,* in setting forth the different pleas which a defendant may make and enter, it is said: ''Defendant also may plead guilty or interpose the plea of *nolo contendere,* which is an implied confession,'' and in section 739 of the same volume, page 404, ''that plea which is still allowed in some jurisdictions,

is not a plea in the strict sense of that term in the criminal
law, but a formal declaration by accused that he will not
contend with the prosecuting authority under the charge.
When accepted by the court, it becomes an implied confes-
sion of guilt, and, for the purposes of the case only, equiva-
lent to a plea of guilty; and when judgment has been entered
on the plea, the record is competent evidence of the fact of
conviction.''

In 7 Cal. Jur., page 993, section 130, the procedure fol-
lowed in this case is set forth as proper. In the case of
*Mitchell* v. *Superior Court, supra,* the supreme court, in con-
sidering whether further proof was necessary to support a
certain allegation in the affidavit setting forth contempt, in
the absence of a denial of the allegation, ruled as follows:
''It is not necessary, however, to determine these matters,
because the undenied allegation of defendant's presence at
the time of the making of the order rendered the showing
of service of notice upon him entirely unnecessary.'' As
said in the case of *Herald-Republican Co.* v. *Lewis, supra,*
if what was done by the defendant amounted to a plea
of guilty or admission of everything charged in the affidavit,
then, and in that case, the trial court was authorized to pro-
ceed and render judgment. If the procedure provided by the
Penal Code that may be followed in cases which are criminal
cases in every sense of the term and where the punishment
may be more severe than that allowed in the present case
is applicable, then the procedure of the trial court in the
case at bar must be approved.

[7] We are of the opinion that when the defendant came
into court in response to an order to show cause why he
should not be adjudged guilty of contempt for having done
and performed the acts charged in the affidavit, filed his
motion to quash and then his demurrer thereto, and, after an
adverse ruling on both his motion and his demurrer, an-
nounced that ''he rested his case without putting anything
before the court,'' he did those acts which amounted to an
admission of guilt, or plea of guilty of whatever was charged
against him in the affidavit, and if the affidavit set forth
facts showing contempt, then, and in that case, upon an in-
vestigation of the affidavit and consideration of the facts
therein alleged, which were alleged under oath, the court, if
satisfied beyond a reasonable doubt that the defendant was

guilty of each of the several contempts charged, it had jurisdiction to pronounce judgment. The petitioner had his day in court; he had his opportunity to make answer and present any defense, excuse, or explanation that he saw fit. Thus, every constitutional right guaranteed to him was preserved, and if he chose to submit his case upon the testimony, to wit, the affidavit already presented to the court, we do not readily see how, in the face of his own expressed willingness to so submit the case, that he can now be heard to complain.

[8] It has been argued that only one contempt was committed; that the several acts committed upon different days in the different articles published upon different days do not constitute different contempts, but if contempt at all, only one contempt was committed. This, however, is not the law. In *Oates* v. *United States*, 223 Fed. 1013 [139 C. C. A. 389], it is said: "Where it consists of separate acts of disobedience to an injunction, the sentence should not be imposed generally for all offenses; but the punishment for each offense should be specified so that it can be reviewed on appeal." In *Gompers* v. *Buck Stove & Range Co.*, 221 U. S. 418 [34 L. R. A. (N. S.) 874, 55 L. Ed. 797, 31 Sup. Ct. Rep. 492, see, also, Rose's U. S. Notes], it is further said: "A decree adjudging each defendant guilty of the independent acts set out in the separate paragraphs of a petition charging them with contempt of an injunction order, and consolidating sentence without indicating how much of the punishment was imposed for the disobedience in any particular instance, should be reversed if it appears that the defendants have been sentenced on any charge which, in law or in fact, does not constitute a disobedience of the injunction." This rule is approved in 13 C. J., page 82, as follows: "Thus, where a defendant is found guilty of separate acts constituting contempt, judgment must be pronounced separately for the separate contempts." In the case at bar each publication is charged separately and in different counts of the affidavit, constituting a separate and distinct offense, for which the court was authorized to pronounce judgment, the contempt sufficiently appearing, as we have heretofore considered. [9] The petitioner not having had imposed upon him a fine for any of the contempts of which he has been adjudged guilty in excess of the amount

authorized to be imposed by the provisions of the Code of Civil Procedure, under which this action was taken and had, this court is not authorized to hold the aggregate amount thereof excessive, whatever our views might be upon this matter.

It follows from what has been said that the petition for a writ of review herein must be and the same is hereby denied.

Hart, J., and Finch, P. J., concurred.