2022 IL App (2d) 210713
No. 2-21-0713
Opinion filed August 4, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF SEBASTIAN MIKLOWICZ, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 19-D-861 |
| BEATA URSZULA MIKLOWICZ, | ) ) ) | Honorable Maureen R. Dunsing, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRIDGES delivered the judgment of the court, with opinion.
Justices Hudson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1 Respondent, Beata Urszula Miklowicz, appeals the dismissal of her petition for attorney fees under sections 508(a)(1) and 508(a)(6) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(a)(1), (a)(6) (West 2020)). Respondent sought to recover fees that she incurred in successfully defending a criminal prosecution based on her alleged violation of the visitation provisions of the judgment that dissolved her marriage to petitioner, Sebastian Miklowicz. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 On September 1, 2021, respondent filed her petition for attorney fees, alleging as follows. On April 7, 2020, petitioner filed a complaint with the Elmhurst Police Department, alleging that

respondent had violated visitation and parenting provisions in the dissolution judgment. Respondent was charged with unlawful visitation or parenting time interference, a petty offense (720 ILCS 5/10-5.5(c) (West 2020)). She retained counsel for the case. On August 18, 2021, after a bench trial, respondent was found not guilty. Respondent's petition prayed that the court order petitioner to pay attorney fees that she incurred in defending the criminal case.

¶ 4 Respondent relied in part on section 508(a)(1) of the Act, which enables a court to require a party to contribute to the attorney fees incurred by another party in "[t]he maintenance or defense of any proceeding under [the] Act." 750 ILCS 5/508(a)(1) (West 2020). She also relied on section 508(a)(6) of the Act, which enables a court in a dissolution or postdissolution proceeding to require a party to contribute to the attorney fees incurred by another party in "[a]ncillary litigation incident to, or reasonably connected with, a proceeding under this Act." *Id.* § 508(a)(6). Respondent cited *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146 (2004), *In re Marriage of Davis*, 292 Ill. App. 3d 802 (1997), and *In re Marriage of Kent*, 267 Ill. App. 3d 142 (1994).

¶ 5 Petitioner moved to dismiss the petition for failure to state a cause of action (see 735 ILCS 5/2-615 (West 2020)). Petitioner argued that the cases respondent cited did not support her contention that a criminal prosecution initiated by the State falls within either section 508(a)(1) or section 508(a)(6) of the Act. Instead, he maintained, the cases involved fees incurred by the representative of a child in the dissolution proceeding itself (*Nienhouse*) or by a party to the dissolution proceeding who in a separate civil proceeding defended his or her rights under the dissolution judgment (*Davis* and *Kent*). Petitioner argued that the criminal prosecution was brought not to enforce or modify any part of the dissolution judgment but to punish respondent for an alleged violation of the judgment. Further, he contended, allowing respondent to recover fees in the criminal case would penalize him for making a good-faith effort to tell the police of a violation

of the judgment. More generally, allowing recovery in this type of situation would discourage parties to a dissolution judgment from reporting misconduct to the State, as they could face substantial costs if the State failed to prove guilt beyond a reasonable doubt.

¶ 6    The trial court agreed with petitioner's reasoning and granted the motion to dismiss. Respondent timely appealed.

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, respondent contends that the trial court erred in holding that the fees that she incurred in defending the criminal case did not fall under either section 508(a)(1) or section 508(a)(6) of the Act. Both parties present essentially the same arguments that they made in the trial court.

¶ 9    We hold that the trial court properly dismissed respondent's fee petition, as neither section of the Act that she invoked authorized the award that she sought.

¶ 10    A complaint or petition may be dismissed for failure to state a cause of action when its allegations, taken as true and construed liberally in favor of the plaintiff or petitioner, fail to state facts on which relief may be granted. *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 20. Our review is *de novo*. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 419 (2002).

¶ 11    This case turns on issues of statutory construction, which we review *de novo*. See *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). We must ascertain and effectuate the intent of the legislature. *Id.* Ordinarily, the best indication of legislative intent is the language of the statute itself. *Id.* If that language is unambiguous, we must apply it straightforwardly. *Id.* If the language is ambiguous, we turn to external aids of construction. *People v. Cherry Valley Public Library District*, 356 Ill. App. 3d 893, 896 (2005). These include a preference for construing ambiguities in favor of sound public policy. See *People ex rel. Bonefeste v. B.D.H. Rentals*, 277 Ill. App. 3d 614, 623 (1996).

¶ 12    Respondent contends that her fee petition stated a cause of action under both sections 508(a)(1) and 508(a)(6) of the Act. We consider them in turn.

¶ 13    We agree with the trial court that section 508(a)(1) did not allow the court to require petitioner to pay respondent's fees for defending the criminal prosecution. Section 508(a)(1) applies only to a "proceeding under [the] Act." 750 ILCS 5/508(a)(1) (West 2020). The Act creates various civil causes of action, but nothing in it authorizes criminal prosecution for a violation of a dissolution judgment. Per common usage, the criminal proceeding was not brought under the Act but instead under the Criminal Code of 2012 (720 ILCS 5/1-1 *et seq.* (West 2020)). Section 508(a)(1)'s plain language excluded the criminal action.

¶ 14    Section 508(a)(6) presents a more complicated issue. It authorizes a fee award in "[a]ncillary litigation [(1)] incident to, or [(2)] reasonably connected with, a proceeding under [the] Act." 750 ILCS 5/508(a)(6) (West 2020). Thus, the fee petition stated a cause of action only if the criminal proceeding was "ancillary" *and* either "incident to" or "reasonably connected with" the dissolution proceeding. It is not self-evident whether these terms apply to the criminal proceeding. Indeed, the terms, especially "reasonably connected with," are relatively open-ended, suggesting that the legislature intended to allow courts to "fill in the blanks." John F. Manning, *Nonlegislative Rules*, 72 Geo. Wash. L. Rev. 893, 898 (2004). Thus, some construction work is needed.

¶ 15    We turn first to the term "ancillary." In the legal context, the term has been defined as "[s]upplementary; subordinate." Black's Law Dictionary 105 (10th ed. 2014); see also Merriam-Webster's Collegiate Dictionary 43 (10th ed. 1998). This definition is of doubtful help to respondent. The criminal case relied on the judgment in the dissolution proceeding, but it is far from evident that the independent act of the sovereign in prosecuting the violation of a criminal statute is supplementary, much less subordinate, to a dissolution judgment that arose out of a

private party's civil petition. The criminal case was brought to punish respondent for allegedly violating the judgment. Not only was the prosecution ultimately brought by a party with no involvement in the dissolution proceeding, but it was brought in a different court, heard by a different judge, and decided under a higher burden of proof.

¶ 16    Moreover, the limited case authority, culled from foreign jurisdictions, militates against interpreting "ancillary" as expansively as respondent urges. In discussing a contempt proceeding brought by a party to a dissolution judgment, the California Supreme Court stated:

> "In domestic relations actions the courts must exercise a continuing jurisdiction over the parties and over the subject matter of the action. The trial court must perform continuing supervisory and enforcing functions, and the contempt proceeding is one of the court's two principal means of performing these functions. In *** Mitchell v. Superior Court [in and for City and County of San Francisco, 125 P. 1061 (Cal. 1912)], this court held that *** a wife [may] inaugurat[e], or support[ ] by affidavit, a proceeding in contempt against the husband for failure to pay ordered alimony and counsel fees. The court said the proceeding was not a 'separate action,' and that the prayer itself, seeking compliance with the court's command 'clearly differentiates the proceeding from the ordinary criminal prosecution and emphasizes its quality as something ancillary to the divorce action.' [(*Mitchell*, 125 P. at 1062)]." *McClenny v. Superior Court of Los Angeles County*, 388 P.2d 691, 699 (Cal. 1964).

¶ 17    In an appeal by a former husband who was convicted by a jury of failing to support his minor children, the Oregon Supreme Court stated:

> "[T]he circuit court received in evidence the decree of divorce which adjudged $37.50 as the amount of defendant's monthly contribution, and thereafter seemed to treat the criminal

case as ancillary to the divorce proceeding. This we believe was error. The criminal case was a complete, independent action; the defendant was entitled to a jury trial upon all of its constituent elements; as was said in State v. Langford, [176 P. 197 (Or. 1918)], 'The decree of divorce was not res adjudicata as to the question of maintenance.' " *State v. Francis*, 269 P. 878, 882 (Or. 1928).

¶ 18 We conclude that the criminal proceeding here was not ancillary to the dissolution or postdissolution proceedings occurring under the continuing jurisdiction of the civil court. We agree with the trial court and petitioner that parties to a dissolution judgment could be deterred from filing good-faith criminal complaints or contacting the authorities in good faith about the other party's misconduct by the threat of having to pay the attorney fees of the other party. This is especially so since the prosecution of the criminal case is not under the control of the complaining party and the State might decide not to proceed with the case for reasons unrelated to the merits of the case. Moreover, the State's burden of proof is higher than that of the civil litigant seeking the enforcement of the judgment.

¶ 19 Because we conclude that the criminal proceeding was not ancillary to the dissolution judgment, we hold that section 508(a)(6) did not authorize a fee award.

¶ 20 The foregoing discussion illustrates that the cases respondent relies on are simply inapplicable to this case. None of those cases involved paying fees to a party to a civil proceeding for the defense of a wholly independent criminal case brought by the State. The considerations relevant here were not present in those cases, and thus, we need not discuss them further.

¶ 21                                    III. CONCLUSION

¶ 22 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 23 Affirmed.

*In re Marriage of Miklowicz*, 2022 IL App (2d) 210713

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 2019-D-861; the Hon. Maureen Dunsing, Judge, presiding. |
| **Attorneys for Appellant:** | Marshal P. Morris, of Marshal P. Morris, LLC, of Buffalo Grove, for appellant. |
| **Attorneys for Appellee:** | Richard E. Roberts and Keith E. Roberts Jr., of Roberts PC, of Wheaton, for appellee. |