[L. A. No. 3514. In Bank.—July 6, 1914.]

## FRANK STRAIN et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

RECEIVER—PROTECTION BY COURT—ACTS OUTSIDE OF TERRITORIAL JURISDICTION.—It is the duty of a court appointing a receiver to protect him in the discharge of his duties and in the control and possession of the property in his custody, as such, against any one interfering therewith, whether a party to the proceeding in which the receivership is created or not, and the jurisdiction of the court to do this is not affected by the fact that the act of interference was committed outside the territorial jurisdiction of the court, if the alleged offenders are within its territorial jurisdiction.

ID.—CONTEMPT PROCEEDING—SUFFICIENCY OF AFFIDAVIT TO CONFER JURISDICTION.—An affidavit which is made the basis of a contempt proceeding must show facts constituting a contempt, or the court acquires no jurisdiction to proceed in the matter.

ID.—RECEIVERSHIP OF WATER COMPANY—DIVERSION OF WATERS—SUFFICIENCY OF AFFIDAVIT IN CONTEMPT PROCEEDINGS.—In this proceeding in *certiorari* to review an order of the superior court of Los Angeles County adjudging the petitioners guilty of contempt in interfering with the duties of a receiver, appointed by such court in a pending action against a water distributing company, by diverting water from a canal in Mexico and conducting the same across the international boundary line into Imperial County, California, to be used there, the affidavit is not insufficient for failure to allege that the water company was the owner of any of the canals referred to therein as located in Mexico, or of the waters flowing therein, or of the particular canal from which the water is alleged to have been diverted where the same lies in Mexico, nor is the affidavit insufficient because it fails to allege that the receiver was ever in possession or control of the water in question, since it appears from a consideration of all of the allegations of the affidavit that such canals and the waters flowing therein are a part of the entire system of water distribution.

ID.—POSSESSION BY RECEIVER—WATER SYSTEM IN ANOTHER COUNTRY.—In such proceeding the evidence is sufficient to show that the receiver of the water company appointed by the superior court of Los Angeles County was in the actual control and possession of the entire water system, including the part situated in Mexico, and that the petitioners were aware of such control and possession when they diverted water from the canal in Mexico, although there was other evidence that the part of the water system in Mexico was under the control of another receiver appointed by the courts of that country.

Id.—Certiorari—Evidence—For What Purposes may be Considered. In proceedings in *certiorari* the evidence cannot be reviewed in as far as it affects or applies to the merits of the case; it can be considered only for the purpose of ascertaining whether there was proof of the jurisdictional facts alleged in the affidavit and without proof of which the court would have no power to punish for contempt.

Id.—Contempt Proceedings—Determination of Title to Property—Possession of Receiver.—The rule that title or right to property cannot be tried in contempt proceedings against one for interfering with the property under the control of a receiver, means that the court in such proceedings cannot by its order take property from the actual possession of a stranger to the action in which the receiver is appointed who claims title to it or right to its possession. The rule does not preclude the court from determining whether the receiver was in actual possession of property so that interference therewith without leave of court would constitute contempt.

APPLICATION for a Writ of Certiorari to be directed against the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Campbell & Moore, for Petitioners.

W. B. Mathews, S. B. Robinson, and O'Melveny, Stevens & Millikin, and Walter K. Tuller, *Amici Curiae*, for Respondent.

LORIGAN, J.—This proceeding in *certiorari* was inaugurated in the district court of appeal to review an order of the superior court of Los Angeles County adjudging the petitioners guilty of contempt.

The proceeding in the superior court against the petitioners for contempt was initiated by the filing of an affidavit in said court by W. H. Holabird as receiver of the California Development Company charging petitioners with interfering with him in the discharge of his duties with respect to the property of said company in his charge and possession as receiver.

The facts stated in the affidavit of said receiver are as follows:

The California Development Company is a corporation duly organized under the laws of New Jersey and authorized by its corporate charter to "acquire, hold, construct and maintain headings, dams, ditches, canals, reservoirs and other structures

and appliances for carrying, conserving and conducting water and irrigating land; and supply and distribute water to and irrigate and cultivate the lands of the company and of others; and sell or let such water or the right to use the same.''

On December 13, 1909, and long prior thereto, said company was the owner in charge and possession of a system of waterworks situated in Imperial County, this state, and consisting of headgates, canals, ditches and structures and property used in diverting water from the Colorado River and distributing and supplying it to consumers and users of water in said Imperial County for the purposes of irrigation, domestic use and generating electricity and was using and operating said works, structures, and property for diverting and distributing water as aforesaid. On said December 13, 1909, in an action pending in the superior court of Imperial County (subsequently transferred to Los Angeles County) entitled Title Insurance Company, plaintiff, *v.* California Development Company et al., defendants, an order was duly made by said court whereby W. H. Holabird, the affiant, was appointed receiver of the said property of the California Development Company and has ever since been and now is such receiver in charge and possession of the said property, using and operating the same for the purpose of diverting water from said Colorado River and delivering and distributing the same to consumers in said county of Imperial. The water so diverted by said company and its receiver from the Colorado River is conveyed through a canal from a point of diversion in Imperial County to a point on the international boundary line between the United States of America and the republic of Mexico; thence for a distance approximately of sixty miles through the said republic of Mexico by means of a channel or canal, part natural and part artificially constructed, known as the Alamo Canal, and from said Alamo Canal by means of a connecting canal to various points of use of water in said republic of Mexico, and still by another canal connecting with said Alamo Canal to various points on said international boundary line where at different points thereon it is delivered to customers in said Imperial County. The aforesaid canals as far as the same lie within the county of Imperial are part of the above described property of the California Development Company. Among said canals connecting with the Alamo Canal in Mexico and diverting water therefrom is one known as the

East Side Main Canal, extending northerly from the Alamo Canal to said international boundary line and known as the Holt Canal which connects with the said East Side Canal at a point known as Holt heading in the republic of Mexico and through which water is diverted at said heading and conducted across said international boundary line to various points in said Imperial County and delivered and supplied by said receiver to customers. The affidavit then states that certain persons named (the petitioners in this case) in the year 1912 caused a gate to be constructed in said Holt Canal near said Holt heading within the republic of Mexico, connected a canal therewith and by means thereof diverted large quantities of water from said Holt Canal across said boundary line into Imperial County for use on lands therein owned by them. That said parties knew prior to the diversion by them of said water from said Holt Canal that said receiver was in the control and possession of the said property of said California Development Company and was then and there using and operating the same; that all of the water flowing in said Holt Canal was diverted from said Colorado River by means of headgates and works of the said California Development Company and would, if it had not been so diverted as aforesaid, flow through said Holt Canal to said international boundary line and into Imperial County and be distributed and sold by said receiver for use therein.

On the filing of this affidavit petitioners were cited to show cause why they should not be adjudged guilty of contempt and on a hearing were adjudged guilty thereof in having interfered with said receiver in the use and operation of said property of said California Development Company in his charge and possession as receiver and as a punishment were each fined fifty dollars.

Thereafter petitioners inaugurated this proceeding in *certiorari* before the said district court of appeal in which they attack the validity of the order or judgment of contempt on the ground that it is in excess of the jurisdiction of said superior court in the particulars following: 1. That the affidavit upon which the proceeding in contempt is based is insufficient in that it fails to allege facts showing a contempt; and, 2. That conceding the sufficiency of the affidavit the evidence nevertheless shows that the court had no jurisdiction in the contempt proceeding for two reasons—(1) because it re-

lated to property beyond the territorial jurisdiction of the court and not under the control or in the possession of the receiver, and (2) that it involved the question of the title of property which the court had no jurisdiction to determine in a contempt proceeding.

The district court of appeal sustained these claims of petitioners and annulled the judgment of contempt. Thereafter on petition therefor the matter was ordered before this court for further consideration.

It appears that the petitioners, though not parties to the action wherein Holabird had been appointed receiver, were nevertheless residents within the territorial jurisdiction of the court when the alleged interference with the Holt Canal took place and were such when this proceeding in contempt was commenced against them.

It is the duty of a court appointing a receiver to protect him in the discharge of his duties and in the control and possession of the property in his custody as such against any one interfering therewith whether a party to the proceeding in which the receivership is created or not, and the jurisdiction of the court to do this is not affected by the fact that the act of interference was committed, as in this case, outside the territorial jurisdiction of the court if the alleged offenders are within its territorial jurisdiction. (High on Receivers, 4th ed., sec. 164; Smith on Receivers, sec. 47; *Chaffee* v. *Quidnick Company,* 13 R. I. 442; *Richards* v. *People,* 81 Ill. 551; *Sercomb* v. *Catlin,* 128 Ill. 556, [15 Am. St. Rep. 147, 21 N. E. 606].)

No question is made here but that the court had jurisdiction over the persons of petitioners in this proceeding and if the act charged to have been committed by them constituted an interference with the duties of the receiver respecting the property in his control and possession as such, then under the authorities just cited they were subject to punishment by the superior court and its action in that respect was justified.

As to the claim that the statement of facts in the affidavit was insufficient to confer jurisdiction. It is settled that an affidavit which is made the basis of a contempt proceeding must show facts constituting a contempt or the court acquires *no* jurisdiction to proceed in the matter. (*Hutton* v. *Superior Court,* 147 Cal. 156, [81 Pac. 409].)

Against the sufficiency of the affidavit it is asserted that it is nowhere alleged therein that the California Development Company was the owner of any of the canals referred to in the affidavit as located in the republic of Mexico or of the waters flowing therein, nor, particularly as to the Holt Canal from which water is alleged to have been diverted by petitioners where the same lies in said republic, is it alleged that the same or the waters therein were ever owned by said company, or were ever in the possession or under the control of the receiver thereof.

It is true that the affidavit does not show who owned the canals in Mexico, including the Holt Canal. It is entirely silent on this subject. But it was not essential to the sufficiency of the affidavit that a statement of this fact should be made. It does appear, taking all the allegations of the affidavit into consideration, that the receiver was operating as such an established system of the California Development Company whereby through works owned by said company in Imperial County water diverted from the Colorado River under an appropriation thereof was conveyed by a canal through said county to the international boundary line between the United States and Mexico and discharged into canals connecting therewith in the latter territory; that through these connecting Mexican canals it was thence brought sixty miles and discharged at the international boundary line into still further connecting canals and conduits of said California Development Company in said Imperial County controlled by the receiver and by means thereof distributed to customers and users. It shows one continuous diverting and distributing system as an integral part of which said canals in Mexico were used for the purpose of delivering the water from the intake in the Colorado River to the points of delivery in Imperial County and were being actually used by the receiver for that purpose when interfered with by petitioners. This actual use as part of such system was all that was required to be alleged respecting these canals. It was immaterial as far as the sufficiency of the affidavit is concerned whether they were or were not owned by the California Development Company or whether there was any allegation therein on that subject. It was sufficient to show, as the tenor of the affidavit does, that they were being used by it and its receiver for the purpose of conveying a continuous

flow of water therein from the intake of the company on the
Colorado River to the point for distribution in Imperial
County and that they and the water therein were in the con-
trol and possession of the receiver when the alleged act of
interference by petitioners was committed.

This brings us to a consideration of the next point made by
petitioners which is that it is not alleged in the affidavit that
the specific water which petitioners are charged with having
diverted from the Holt Canal—nor in fact the water in any
of the Mexican canals—was owned by the California Develop-
ment Company, or was ever under the control or in the pos-
session of its receiver. It appears from the affidavit that all
the water which flows through these various Mexican canals,
including the Holt Canal, consisted of water diverted under
an appropriation from the Colorado River in the state of
California by the California Development Company, was con-
ducted by it through its canals in that state to the interna-
tional boundary line and there turned into the connecting
canals in Mexico for beneficial use on irrigable lands. When
so appropriated through actual diversion into its canal by the
company for such intended beneficial use it became at once
its property and control and possession of it was in its re-
ceiver. When he started it flowing from the canal of the
company into the Mexican canals located in this foreign coun-
try he did not thereby relinquish control or abandon posses-
sion of it as appears to be claimed by petitioners. This of
itself did not constitute abandonment either in law or fact.
Abandonment is a question of intent—a question of fact to
be determined from the act and intention of the party claimed
to have abandoned a thing. But it is apparent from the
allegations of the affidavit here that there never was any in-
tention on the part of the receiver to abandon the water so
appropriated by the company when he turned it into the
Mexican canals. As part of an entire system operated by
that company these canals in Mexico were being used by it
in connection with canals in California for the purpose of
conveying the water appropriated by the company from its
intake on the Colorado River in a continuous flow to the
points in Imperial County where its distribution would be
made and controlled. This from the recitals in the affidavit
was obviously what the canal system in its entirety was con-
structed for, devoted to, and being used for. As it is alleged

in the affidavit that the company was using the canals in Mexico in connection with its own, it is to be assumed that it was rightly using them in conducting the water which it had appropriated and owned to its destined point of distribution, and the facts alleged in the affidavit sufficiently show that at the time of the alleged interference of petitioners the receiver of the company was in the control and possession of the water in the Mexican canals which as receiver he had diverted from the river and started on its flow and which was the only water flowing through all the canals as comprehending an entire system of water distribution.

As to the next point made by petitioners which is based on the evidence adduced at the hearing had in this proceeding. This is, that even if the affidavit was sufficient, nevertheless, the evidence at such hearing shows that the court had no jurisdiction to adjudge petitioners guilty of contempt. Under this claim, of course, the evidence cannot be reviewed by us in this proceeding on *certiorari* in as far as it affects or applies to the merits of the case. It can be considered only for the purpose of ascertaining whether there was proof of the jurisdictional facts alleged in the affidavit and without proof of which the court would have no power to punish for contempt. (*Stump* v. *Board of Supervisors*, 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663] ; 4 Ency. of Plead. & Prac., p. 262.)

It appears from the evidence without question that petitioners, who were residents and property owners in Imperial County and whose lands were not being supplied with water under the system of the California Development Company, constructed a ditch through their said lands and extended it some six hundred feet across the boundary line into the republic of Mexico so as to be able to connect it with the Holt Canal in said republic, part of the continuous system used by the California Development Company heretofore referred to ; that they applied to Holabird, the receiver of the California Development Company, to furnish water from the Holt Canal to this canal constructed by them, offering payment therefor, but that the receiver refused to furnish the water. Petitioners insist that the evidence further shows beyond any question that one Andrade had, in an action brought by a creditor in the courts of Mexico against a Mexican corporation which owned the canals in Mexico, been appointed by said

Mexican court receiver of the property of the Mexican corporation and was at the time petitioners connected their canal with the Holt Canal and diverted its waters, in exclusive control and possession of all the canals in Mexico, including said Holt Canal, and that Holabird never had control or possession of any of said canals; that the appointment of said Andrade as such receiver of the property of the Mexican corporation had been made a month prior to the appointment of Holabird as receiver of the California Development Company's property; that petitioners upon the refusal of Holabird to allow them to take water from the Holt Canal as requested, applied to the Mexican receiver Andrade in possession thereof for permission to do so; that he granted them permission and thereupon they connected their canal with said Holt Canal. Of course, if the evidence showed, as petitioners claim, that these canals and water were at the time of the alleged interference not in the possession of the receiver Holabird but in the control and possession of the Mexican receiver, there could have been no interference with the possession of Holabird and the superior court was without jurisdiction to punish the petitioners for contempt. But it is not a fact that the evidence shows this to have been the situation. There was, it is true, evidence of acts and conduct on the part of Andrade designed to annoy and hamper Holabird in the control which, after his appointment, he was constantly exercising over the Mexican canals and works as part of the water supply system of the California Development Company. But there was sufficient evidence to warrant the superior court in concluding, as it necessarily did, that notwithstanding this conduct of Andrade, Holabird as receiver, himself and through his agents and employees, was in the actual control and possession of the entire system of the California Development Company, including the Mexican canals, and particularly the Holt Canal, and that petitioners had knowledge of that fact when they interfered with his control and possession as receiver of the latter canal. This is as far as we may look into the evidence on this proceeding. We have considered it, as alone we may do, solely for the purpose of ascertaining whether there was in fact evidence before the superior court tending to show possession of the property by its receiver for the purpose of determining whether that court had jurisdiction of the proceeding against petitioners for alleged contempt

in interfering with it. As we say, there was such evidence. Whether the superior court was right in its conclusion from it cannot be considered in this proceeding which, as we say, is limited solely to an inquiry whether the superior court had or had not jurisdiction of the contempt proceeding.

There was further evidence in the case that the canals in Mexico were owned by a Mexican corporation over whose property Andrade had been appointed receiver and that certain contracts between that corporation and the California Development Company were introduced in evidence by petitioners' from the terms of which it appeared that the two corporations had agreed that the use of water diverted by the California Development Company from the Colorado River and turned into the Mexican canals should be divided between the two corporations, a portion to be used in Mexico and a portion in Imperial County; that under these contracts the Mexican receiver claimed the right to control the property in Mexico and under such asserted claim gave permission to petitioners to take waters from the Holt Canal. Under this showing petitioners assert that the right to the control of the Mexican property as between the two receivers, Andrade and Holabird, under their respective appointments, and the right of petitioners claiming under the Mexican receiver could only be determined by an interpretation of these contracts in a proper action brought for that purpose where petitioners claiming under the Mexican receiver would be entitled to be heard and that proceedings for contempt do not constitute such an appropriate action.

In this contention petitioners seek to invoke the well-settled rule that title or the right to property cannot be tried in a contempt proceeding. But what is thus meant is that a court in such a proceeding cannot by its order take property from the actual possession of a stranger to the action in which the receiver is appointed who claims title to it or right to its possession. Such an order would be void because one in possession of property cannot be dispossessed of it without due process of law, which means an appropriate action brought against him where upon issues framed and a regular trial before a court or jury his title or right to retain possession may be determined and a proceeding in contempt is not such an action. But this is not the situation here. There was no

CLXVIII Cal.—15

question of title or right to possession involved in the contempt proceeding and petitioners could not force that question into the proceeding as a basis for attacking the jurisdiction of the court to entertain it. The sole question before the court in this proceeding was one of actual possession. Was the receiver in the actual possession of the canal and water in Mexico when petitioners interfered with it? If he was, then such interference without leave of the court appointing him was contempt. If there was a question between petitioners and the receiver Holabird as to the possession of said property the courts were open to the petitioners and therein they could have had any dispute between them on that subject settled. In a dispute like the present it was the duty of petitioners, asserting that Holabird had no right under his order of appointment to take possession of the canals and water in Mexico and that such possession belonged to the Mexican receiver under whom they claimed, to have petitioned the court in the action in which Holabird was appointed to pass upon the question of how far, if at all, Holabird was authorized to take possession of such canals and water under its appointment of him as receiver. This the court would undoubtedly have done if they had applied to it. They could not, however, invade or interfere with the actual possession of the receiver without subjecting themselves to a proceeding for contempt and punishment therefor if it was proven that they did.

We are satisfied that there is no merit in any claim of petitioners under which they assert that the superior court exceeded its jurisdiction in entertaining the contempt proceeding against them and rendering the judgment now sought to be reviewed. It did not. It proceeded within its jurisdictional limits and the petition for the writ of *certiorari* is therefore dismissed.

Shaw, J., Melvin, J., and Sloss, J., concurred.

Rehearing denied.