[Application No. 503.   Second Appellate District, Division Two.—
January 17, 1927.]

In the Matter of the Petition for Order Canceling and
Revoking Order of Admission to Practice and License
of HOWARD A. PEAIRS, as an Attorney at Law.

[1] ATTORNEY AT LAW—ADMISSION TO PRACTICE—CERTIFICATE OF SIS-
TER STATE—EVIDENCE.—In this proceeding to secure an order can-
celing and revoking the order of admission to practice and license
of an attorney at law, upon the asserted claim that such license
was obtained upon the false statement that he had been ad-
mitted to practice by the highest court of a sister state, the
petition was denied upon the production by respondent's counsel
of a certificate, in due form and under seal, of the highest court
of said sister state, showing that respondent had been admitted to
the bar there two years before his application was made for
admission to the bar of this state, and petitioners' admission
that they had no evidence to offer in support of their petition.

[2] ID.—UNJUST ACCUSATION — KNOWLEDGE — DUTY OF ATTORNEYS—
REPRIMAND.—Where the petitioners in such proceeding were at-
torneys duly admitted to practice in all the courts of this state,
and respondent was a superior judge and had been serving as
such for about thirteen years, and at least four days prior to
the issuance of the order to show cause, and more than three
weeks before the hearing thereon, petitioners had in their pos-
session certain information which, if it did not actually show the
fact, must have satisfied them, if followed up, that respondent was
possessed of the certificate of admission issued to him by the
highest court of said sister state, but petitioners did not pursue
such information or take any steps to dismiss their petition or
halt the proceedings under it, their conduct was inexplicable and
reprehensible and, having violated the duty enjoined upon them
by section 282 of the Code of Civil Procedure, to maintain "the
respect due to the courts of justice and judicial officers," their
conduct was condemned and they were administered the stern
reprimand of the appellate court.

(1) 6 **C. J.**, p. 607, n. 90.   (2) 6 **C. J.**, p. 594, n. 91, p. 613, n. 56.

PROCEEDING to revoke the order admitting an attorney
to practice before the bar of this state.   Petition denied.

The facts are stated in the opinion of the court.

Samuel Sanborn and T. F. Allen, *in pro. per.*, for Petitioners.

Rowan Irwin, Alfred Siemon, H. E. Borton, C. V. Anderson, J. K. Lilly and Glen Aldrich for Respondent.

WORKS, P. J.—Respondent Howard A. Peairs is a judge of the superior court of the state of California in and for the county of Kern. He has held that position since 1913, first under appointment by the governor and afterward by successive elections by the people of the county. Judge Peairs, by appropriate order of a competent court was, in 1908, licensed to practice law in all the courts of the state. The order was made upon a written statement of two members of the bar to the effect that respondent had been admitted by the highest court of Kansas to practice law in all the courts of that state. Petitioners allege that respondent never was admitted to the bar by the highest court of Kansas, that he procured the statement to that effect to be made, knowing it to be false, with the fraudulent intent to deceive and mislead the tribunal to which was made his application for admission to the bar of California, and that the court was thereby misled into making the order admitting him. Petitioners allege that they "now are and for a period of more than twenty years last past have been attorneys and counselors at law, . . . duly admitted to practice in all the courts of this state, and make this petition as such attorneys."

[1] The matter came on for hearing upon the petition and upon the answer of respondent thereto. Counsel for respondent stated that they had with them a certificate of the supreme court of Kansas, the highest court of the state, showing that respondent had been admitted to the bar there, whereupon petitioners stated that they had no evidence to offer in support of the petition. Upon the invitation of the court the certificate showing respondent's admission to the bar of Kansas was then offered for our inspection. The document was under the seal of the court, was in due form, and certified respondent's admission to the bar of Kansas in 1906, two years before his application was made for admission to the bar of California.

[2] As part of a discussion which occurred in open court during the hearing petitioners admitted that, four days before we issued our order requiring respondent to show cause why the prayer of the petition should not be granted, and more than three weeks before the hearing pursuant to the order to show cause, they had in their possession certain information which, if it did not actually show the fact, must have satisfied them, if followed up, that respondent was possessed of the certificate of admission issued to him by the Kansas court. This information was not pursued by petitioners, nor did they take steps to dismiss their petition or to halt proceedings under it.

The conduct of petitioners in these matters is inexplicable and reprehensible. They knew more than three weeks before the hearing of their petition, or had the means of ascertaining, that their charge of fraud against respondent was utterly baseless, yet they permitted the charge to stand. Such a course of conduct, under a charge of fraud against any man and regarding any subject matter, would deserve the severest censure. Under the circumstances which here exist such conduct deserves a particular notice. The petition involves more than a mere attack upon respondent. He occupies a high judicial office and has been a trusted servant of the people for many years. The charge of fraud was not only unjust as to him, but it tended to impair the confidence of the public in one of the three great branches of government. Under the law and under the oaths of petitioners as attorneys, they are charged with the duty of maintaining "the respect due to the courts of justice and judicial officers" (Code Civ. Proc., sec. 282). This duty they have violated. Under the control which we may justly exercise over the conduct of attorneys, and which we ought to exercise whenever proper occasion for it arises, we are bound to condemn in no measured terms the conduct of petitioners. As an evidence of such condemnation we now administer to petitioners the stern reprimand of this court.

The petition is denied.

Craig, J., and Thompson, J., concurred.