[Civ. No. 9699.  First Appellate District, Division Two.—January 25, 1935.]

ROY  DAILY  et al., Petitioners, v.  THE  SUPERIOR COURT  OF  MONTEREY  COUNTY  et al., Respondents.

Theodore M. Monell and Roy Daily, *in pro. per.,* and Chickering & Gregory for Petitioners.

John M. Thompson and Walter Slack for Respondents.

STURTEVANT, J.—This is an application for a writ of review brought for the purpose of having annulled an order in a contempt proceeding. The alleged contempt occurred in the immediate presence of the trial court while calling the calendar. Judge Jorgensen, the trial judge, being absent on his vacation, Judge Atteridge of Santa Cruz County was presiding. At the time of the alleged contempt no action was taken. After Judge Jorgensen returned from his vacation John M. Thompson, Esq., the attorney for one of the aggrieved parties, presented to the respondent court his affidavit setting forth the facts and applied for a citation. The citation was issued and served. Later each of the petitioners appeared and filed verified answers. A hearing was had, on issue joined, and thereafter an extended order was prepared and signed. Among other things that order contains the following:

## "FINDINGS OF FACT

"The court finds that the statements, allegations and averments contained in the affidavit of John Thompson above referred to are true, except that the court finds that Roy Daily did not appear as an attorney for Bayside Fish Flour Co. in the Irwin suit hereinafter referred to.

"That at all of the times herein mentioned said John Thompson was and now is the attorney for Del Mar Canning Corporation, a corporation, plaintiff in the above entitled action; that in the above entitled action a judgment was rendered in favor of the plaintiff and against the defendant on the 10th day of December, 1932, for a sum of money in excess of $5,000.00; that on the 6th day of April, 1934, there was filed in the above-entitled court an action entitled *O. W. Irwin,* plaintiff v. *Bayside Fish Flour Co.,* a corporation, defendant; that in the action of *Irwin* v. *Bayside Fish Flour Co.,* a judgment was entered on the 14th day of May, 1934, against Bayside Fish Flour Co., for the sum of $561.03, together with interest and costs, and a writ of execution was issued upon such judgment, and by virtue

of such writ of execution the Sheriff of Monterey County on the 7th day of June, 1934, sold certain personal property of the defendant to satisfy said execution; that upon the sale said property was purchased for the sum of $4,300.00, leaving a balance over and above the amount necessary to satisfy the execution under which the property was sold, in a sum of approximately $3,800.00; that thereafter a writ of execution was issued in the above entitled action upon the judgment obtained therein on the 10th day of December, 1932, directed to the Sheriff of Monterey County, and said writ of execution was delivered to said Sheriff while the amount realized from said execution sale in the Irwin case was still in the hands of said Sheriff; that the said Sheriff thereafter delivered the amount received by him on said execution sale, towit: $4,300.00, less his costs, to the above entitled court to be applied as this court should direct upon the writ of execution in the O. W. Irwin case and upon the writ of execution in the above entitled case.'' It is then recited that on the tenth day of July, 1934, the Del Mar Canning Corporation served upon petitioners and filed a notice of motion that it would apply for an order directing the clerk to turn over said moneys to it. It is further alleged that on the twenty-fourth day of July, 1934, the defendant Bayside Fish Flour Company, through petitioners as its attorneys, served and filed a notice of motion to recall the execution issued to the Del Mar Canning Corporation. Continuing the order recites: ''that on July 30th, 1934, Judge H. G. Jorgensen, the judge of the above entitled court was on his summer vacation, and said Judge James L. Atteridge, the judge of Santa Cruz county, California, was acting in his place in the hearing only of uncontested matters; that Judge Atteridge was not familiar with the calendar and the various motions and counter motions above referred to; that said Judge Atteridge had no knowledge of any of the judgments or executions above referred to, or any facts in reference thereto; that on the said 30th day of July, 1934, both the said motion of plaintiff and the said motion of defendant in the above entitled action, being on the calendar of the above entitled court, together with various other matters, said James L. Atteridge, acting as judge of said court, being present and presiding, and both said attorneys, Roy Daily and Theodore

M. Monell being present in the court room, at about the hour of ten o'clock a. m. of said day, said Judge Atteridge prior to calling said calendar asked if there were any *ex parte* motions, whereupon said Theodore M. Monell purporting to appear in said action of *Irwin* v. *Bayside Fish Flour Co.* presented an *ex parte* motion to have all .the said excess moneys realized on the writ of execution, in the said Irwin case, and then in the hands of the court as aforesaid, and amounting to approximately $3,800.00 delivered to defendant, BAYSIDE FISH FLOUR COMPANY; that said Roy Daily was present at all times during the presentation of said *ex parte* motion and on one occasion during the argument thereof between said Judge Atteridge and said Theodore M. Monell said Daily engaged said Monell in a whispered conversation; that at said time said attorneys Roy Daily and Theodore M. Monell fraudulently misled and deceived the court in that they, and each of them, failed to inform the court that the plaintiff, Del Mar Canning Corporation, through its attorney, John Thompson, was claiming this fund and had made a motion to deliver this same money over to the plaintiff, Del Mar Canning Corporation. That said attorneys, Daily and Monell, and each of them fraudulently misled and deceived the court by failing to inform the court that the motion of the Del Mar Canning Corporation was on the calendar and involved the right of said Del Mar ·Canning Corporation to the same moneys, and by failing to inform the court that the defendant had a motion upon the calendar to recall the execution of the Del Mar Canning Corporation, and that there was a conflicting claim of the Del Mar Canning Corporation against those same moneys; that the attorneys Roy Daily and Theodore M. Monell took advantage of the court's ignorance concerning the state of the calendar, the record in the above entitled action, the judgment of the plaintiff therein, the writ of execution issued in the above entitled action and the motion pending on behalf of the plaintiff to deliver the moneys over to it; that Judge Atteridge not being advised as to these matters, and relying upon the deceit and misrepresentation of said attorneys, ordered the moneys above referred to delivered to the defendant. That had Judge Atteridge known of the judgment in the above entitled action, or of the writ of execution issued herein, or of the motion of the plaintiff to have the

moneys delivered to it herein, or of the notice of said motion on file herein, or of the motion of the defendant to recall the execution herein, or any of said matters, he would not have made the *ex parte* order which the said attorneys persuaded him to make; that said attorneys failed to inform Judge Atteridge of the judgment of the plaintiff herein, or of the writ of execution issued herein, or of the motion of plaintiff herein to deliver the moneys to it, or of the notice of motion on file herein on behalf of plaintiff, and failed to inform said Judge Atteridge that plaintiff herein had a conflicting claim to the same moneys which were the subject of the order, but led said judge to believe that there was no conflicting claim to the money, and that no other party would be affected by the order, and that there was no opposition to the granting of the *ex parte* motion, which said Judge Atteridge was led by said attorneys, Daily and Monell, to believe, and did believe, at the time of making the order above referred to. That no person connected with or representing the plaintiff in the above entitled action was in court on said July 30th, 1934, said plaintiff and its said attorney having been advised by the clerk of said court that the motions would be postponed by the court, being contested matters. That at all times herein mentioned said Roy Daily and said Theodore M. Monell were attorneys at law duly admitted and licensed to practice in the courts of the state of California, and having their offices in the city and county of San Francisco, said state; that prior to said 30th day of July, 1934, neither of said attorneys were known to said Judge Atteridge.''

The petitioners claim that the order does not show they were guilty of deceit. Before passing on that claim it is necessary to notice some general propositions of law. In 12 California Jurisprudence, page 770, the author states: ''Deceit may be negative as well as affirmative; it may consist in suppression of that which it is one's duty to declare, as well as in the declaration of that which is false.'' (*Macdonald* v. *De Fremery,* 168 Cal. 189, 203 [142 Pac. 73].) It is not claimed that the petitioners made any false statements but it is claimed that they concealed. As to whether their concealment was actionable depends on other rules. In 12 California Jurisprudence, at page 772, it is said: ''Where there exists a relation of trust and confidence, it

is the duty of the one in whom the confidence is reposed to make full disclosure of all material facts within his knowledge relating to the transaction in question, and any concealment of material facts is a fraud.'' In *Matter of Shay,* 160 Cal. 399, at page 406 [117 Pac. 442], Mr. Justice Shaw speaking for the court said: ''The persons here named are all persons engaged in the service of the court, assisting it in the exercise of its jurisdiction, and in the performance of its functions. They are actually, or potentially officers of the court. They stand in confidential relations toward the court, and in consequence thereof they owe to the court the duty of greater fidelity and respect than are due from other persons.'' That language was quoted and followed in *Falloon* v. *Superior Court,* 79 Cal. App. 149, 157 [248 Pac. 1057] application for transfer to Supreme Court denied). In *Furlong* v. *White,* 51 Cal. App. 265, at page 271 [196 Pac. 903], the court said: ''Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice.'' In the case of *In re Peairs,* 80 Cal. App. 672 [252 Pac. 745], was an application to cancel the order admitting Howard A. Peairs to practice as an attorney. It was based on the fact that he had been admitted to practice in this state on the representation that he had been admitted to practice in Kansas, and that in fact he had not been so admitted. In truth and in fact he had been so admitted and the applicants knew the fact more than three weeks before the hearing but did not withdraw their petition nor call the fact to the attention of the court. On page 674 [80 Cal. App.] the court said: ''The conduct of petitioners in these matters is inexplicable and reprehensible. They knew more than three weeks before the hearing of their petition, or had the means of ascertaining, that their charge of fraud against respondent was utterly baseless, yet they permitted the charge to stand. Such a course of conduct, under a charge of fraud against any man and regarding any subject matter, would deserve the severest censure. Under the circumstances which here exist such conduct deserves a particular notice. The petition involves more than a mere attack upon respondent. He occupies a

high judicial office and has been a trusted servant of the people for many years. The charge of fraud was not only unjust as to him, but it tended to impair the confidence of the public in one of the three great branches of government. Under the law and under the oaths of petitioners as attorneys, they are charged with the duty of maintaining 'the respect due to the courts of justice and judicial officers' (Code Civ. Proc., sec. 282). This duty they have violated. Under the control which we may justly exercise over the conduct of attorneys, and which we ought to exercise whenever proper occasion for it arises, we are bound to condemn in no measured terms the conduct of petitioners. As an evidence of such condemnation we now administer to petitioners the stern reprimand of this court.'' No further citations are necessary to show the generality of the application of the rule. When, as here, the charge is contempt, the rules concerning concealment have special application. (*Bowles* v. *United States,* 50 Fed. (2d) 849, 851; *Clark* v. *United States,* 289 U. S. 1, 11, 12 [53 Sup. Ct. 465, 77 L. Ed. 993].)

█ The court found that Mr. Daily ''did not appear as an attorney for the Bayside Fish Flour Co. in the Irwin suit'', but the fact that Mr. Daily was not an attorney of record in the Irwin suit is immaterial. He and Mr. Monell were the attorneys of record for the Bayside Fish Flour Company in the Del Mar case. In the last-named case he and Mr. Monell as attorneys for the Bayside Fish Flour Company had served upon counsel for plaintiff a motion by means of which they sought to obtain the fund in question for their client. The plaintiff in the Del Mar case had also served upon Mr. Daily and Mr. Monell, as attorneys for the Bayside Fish Flour Company in that action, a motion seeking to obtain the fund in question for the plaintiff. Both of said motions had been filed and they appeared upon the calendar on the day on which the *ex parte* motion was made. Mr. Daily and Mr. Monell knew these were contested motions and both were present in court. While Mr. Monell purported to make the *ex parte* motion in the Irwin case, in which he alone was the attorney of record for the defendant Bayside Fish Flour Company, the granting of the *ex parte* motion was in effect a ruling upon the contested motions appearing upon the calendar in the Del Mar case. As recited

in the order, while Mr. Monell was presenting the *ex parte* motion Mr. Daily sat by his side and they held a whispered conversation. Furthermore there was evidence that after the motion had been granted, Mr. Daily in a conversation with Mr. Slack, said: "Was not that a hot one I slipped over on Thompson down in Monterey . . . I got the $3800 that was left upon the execution." Under these circumstances it was the duty of each of them, as officers of the court, to speak and to make to the court full disclosure of the facts when the *ex parte* motion was presented and we attach no importance to the fact that the *ex parte* motion was made in the Irwin case and not in the Del Mar case.

It is claimed that the affidavit and order are insufficient because intent is not alleged. The petitioners cite and rely on *Hutton* v. *Superior Court*, 147 Cal. 156, 159, 160 [81 Pac. 409]. Comparing the pleading in that case with the pleadings in this case, the point may not be sustained.

It is next asserted that the proof should establish the charge by clear and satisfactory evidence. The petitioners cite and rely on *In re Buckley*, 69 Cal. 1, 3 [10 Pac. 69]. It is not helpful. It was an original proceeding and not a proceeding brought to review an order or judgment of an inferior court or tribunal as is the instant case. In the proceeding before us the extent of our power is to inquire whether there was any evidence before the trial court sustaining its jurisdiction (*Strain* v. *Superior Court*, 168 Cal. 216 [142 Pac. 62, Ann. Cas. 1915D, 702]), but the power to weigh that evidence rested with the trier of the facts. (*Imperial Water Co.* v. *Supervisors*, 162 Cal. 14 [120 Pac. 780].) As to what was said, or left unsaid, by Mr. Monell, there were distinct conflicts. But, as stated above, the weighing of the evidence rested with the trial court.

Both upon the hearing in the trial court and at this time the petitioners disclaim any wrongful intent. Under the facts found by the trial court that claim is not a sufficient defense. (*May Hosiery Mills* v. *F. & W. Grand 5-10-25 Cent Stores*, 59 Fed. (2d) 218; *Clark* v. *United States*, 289 U. S. 1, 19 [53 Sup. Ct. 465, 77 L. Ed. 993]; *People* v. *McCaffrey et al.*, 232 Ill. App. 462, 483.)

The order under attack is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 23, 1935, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1935.