[Civ. No. 19307. Second Dist., Div. Three. Nov. 26, 1952.]

MASTERS MART, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

E. A. Oppenheim and Joseph A. Wapner for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Kean & Ingram and Bernard E. Ingram for Real Party in Interest.

VALLÉE, J.—Original proceeding in certiorari in which petitioner seeks a review and annulment in part of a judgment adjudging petitioner in contempt.

On November 1, 1950, a judgment was entered which enjoined petitioner from selling, offering or advertising for sale, any Sunbeam commodity at prices less than the prices then stipulated in Sunbeam Corporation's fair trade contract. The fair trade contract was made part of the judgment. The minimum sales price fixed in the contract for one Sunbeam Automatic Coffeemaster was $32.50.

Thereafter, petitioner was cited for contempt. The charge was that it had sold various Sunbeam commodities at prices less than the prices stipulated in the contract. At the hearing, the matter was submitted on a stipulation of facts between petitioner and Sunbeam. The court found petitioner guilty of seven violations of the injunction and imposed a fine for each violation.

The petition alleges that at the hearing, the parties stipulated that petitioner sold five Sunbeam Automatic Coffeemasters for the price of $19.50 each at the same time, in one transaction, to one company, on a date prior to December 27, 1951. The answer of respondent denies this allegation.

Petitioner contends that the sale of the five coffeemasters constituted one and not five violations of the injunction, and that therefore the court acted in excess of its jurisdiction in imposing a fine for the five violations. No question is raised as to the other two violations.

In view of the record, we cannot reach the question raised by petitioner. There is nothing before us to establish that the parties stipulated as alleged in the petition. The most the record shows is a stipulation that there had been "sales" by petitioner of five coffeemasters to one party for the price of $19.50 each.

The sole function of the writ of certiorari in a contempt matter is to annul the proceedings which have been taken in excess of jurisdiction. (4 Cal.Jur., 10-Yr. Supp. [1943 Rev.] 31, § 50.) The court will not review the evidence insofar as it affects or applies to the merits of the case; it can be considered only for the purpose of ascertaining whether there was proof of jurisdictional facts. (*Strain* v. *Superior Court*, 168 Cal. 216, 223 [142 P. 62, Ann.Cas. 1915D 702].) There is nothing before us to show that there was no proof of the jurisdictional facts with respect to the five violations.

The writ heretofore issued is discharged. The proceeding is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.