408 P.2d 457

**Wendell H. MATHISON, Petitioner and Applicant,**

**v.**

**Honorable Tom FELTON, District Judge, and the District Court of the Tenth Judicial District of the State of Idaho, in and for the County of Nez Perce, and Roy E. Mosman, Prosecuting Attorney in and for the County of Nez Perce, Idaho, Respondents.**

No. 9626.

Supreme Court of Idaho.

Nov. 24, 1965.

Blake, Givens & Feeney, Lewiston, for petitioner.

Allan G. Shepard, Atty. Gen., Boise, Roy E. Mosman, Prosecuting Atty., and Donald K. Worden, Jr., Deputy Pros. Atty., Lewiston, for respondents.

McFADDEN, Justice.

This original proceeding for writ of review or in the alternative for writ of prohibition was instituted by Wendell H. Mathison, as the petitioner and applicant to review a district court judgment holding the petitioner in contempt of court. The contempt judgment arose out of a declaratory judgment of the District Court of the Tenth Judicial District for Nez Perce County, in the case of Mosman v. Mathison and others, which judgment was appealed to this court by the applicant here. The decision of this court on that appeal has been released this day. (90 Idaho 76, 408 P.2d 450).

In this proceeding, writ of review was issued and the record before the trial court certified to this court. By stipulation, the appeal in Mosman v. Mathison and others, and this proceeding were consolidated for the purposes of argument.

In the declaratory judgment entered in Mosman v. Mathison, it was decreed that Wapsheli Road was a public road, and

"that Wendell Mathison, his agents, servants, and/or employees and acting in conjunction with Wendell Mathison, are hereby permanently enjoined and restrained from any further interference with the public's right of free access to the aforementioned road and let permanent injunction issue. * * *"

Seven months after entry of the judgment, Mr. Mosman moved that the trial court enter a show cause order why Mathison should not be held in contempt of court for failing to comply with the provisions of the decree, which motion was supported by affidavits of certain persons alleging Wapsheli Road was impassible. Mathison answered the charge and hearing was had before the court on the issues framed. The trial court rendered finding of fact and conclusions of law, and based thereon entered its judgment holding Mathison in contempt of court, fining him $500.00, and sentencing him to five days in jail, which jail sentence was to be suspended if he removed certain obstructions from the Wapsheli Road.

■ Under the provisions of I.C. § 7–614[1] the order holding a person in contempt of court is not an appealable order. However, the writ of review has been recognized as a proper method by which the actions of a trial court can be reviewed in a contempt proceeding. Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677; Hay v. Hay, 40 Idaho 159, 232 P. 895; 14 Am.Jur.2d, 802, Certiorari, § 25; 12 Cal.Jur.2d, 101, Contempt, § 80.

■ Petitioner contends that the contempt involved here, if any was committed, was a criminal contempt, and not a civil contempt as the trial court held in its conclusions of law. While there may be merit in petitioner's contention, it is not material here, for the determination of this cause is not dependent upon such classification of whether the contempt is of a civil nature or a criminal nature. The issues presented in this proceeding are whether the trial court exceeded its jurisdiction in issuance of the contempt judgment.

I.C. § 7–208 provides:

"The review upon this writ can not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

Uniformly this court has held that the scope of review afforded by a writ of review is to only inquire whether the tribunal, board or officer has exceeded its jurisdiction, and that the facts will be reviewed only to determine whether the tribunal, board or body exceeded its jurisdiction. Ada County v. Bottolfsen, 61 Idaho 64, 97 P.2d 599; Vaught v. District Court, 46 Idaho 642, 269 P. 595; Utah Assn. of Credit Men v. Budge, 16 Idaho 751, 102 P. 390, 691; State Ins. Fund v. Hunt, 52 Idaho 639, 17 P.2d 354; Lansdon v. State Board of Canvassers, 18 Idaho 596, 111 P. 133; Hay v. Hay, 40 Idaho 159, 232 P. 895; Mays v. District

1. "Judgment is final—The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive."

Court, 40 Idaho 798, 237 P. 700; Gilbert v. Elder, 65 Idaho 383, 144 P.2d 194; Weiser Nat. Bank v. Washington County, 30 Idaho 332, 164 P. 1014; Beus v. Terrell, 46 Idaho 635, 269 P. 593.

In State Insurance Fund v. Hunt, supra, this court stated:

"Upon application for a writ of review, the sole business of this court is to inquire into the single question of jurisdiction."

In Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677, the author of the majority opinion, discussing the scope of a writ of review stated:

"While a writ of review may not ordinarily be used to inquire into the weight or sufficiency of the evidence, yet upon an order such as imprisonment for contempt until performance of an act 'which is yet in the power of the person to perform,' such review extends to the evidence itself, when questioned, to the extent of inquiring whether there was any evidence to furnish a substantial basis for adjudging the person guilty of contempt, and that the act 'is yet in the power of the person to perform.' "

46 Idaho at 104, 266 P. at 678.

In that case, Justice Budge in a special concurring opinion stated:

"I am convinced from the record that issuance of the citation to plaintiff to show cause why he should not be punished for contempt and his answer thereto vested the court with jurisdiction of the person and of the subject-matter. The record further discloses, beyond controversy that evidence was taken, and that there was some evidence to support the judgment entered.. Upon a writ of review this court will' not consider the weight, competency,. or sufficiency of the evidence, but will' determine the sole question of whether the court had jurisdiction."

46 Idaho at 110, 266 P. at 681.

■ In causes of this type dealing with contempt orders always involved in the jurisdictional question is the secondary question of whether the facts show a contempt. of court. While the reviewing court may not weigh the evidence, it has the right to examine the record to determine whether there is any substantial evidence to support the order of the trial court, for if there is a. lack of evidence, then the trial court would be acting in excess of its jurisdiction. The Supreme Court of California has dealt with this problem, and its reasoning is persuasive here, inasmuch as the statutes of that state are practically identical with the comparable sections of the Idaho Code. See: I.C. § 7–202, and Cal.Civ.Code Proc. § 1068.

The Supreme Court of California in the case of Bridges v. Superior Court, 14 Cal. 2d 464, 94 P.2d 983 (1939) (Reversed on

other grounds than discussed below, 62 S. Ct. 190, 314 U.S. 252, 86 L.Ed. 192, 159 A. L.R. 1346) stated:

"In considering the third major question presented by the record in this proceeding; it is important that we keep in mind the nature of the particular proceeding before us, and not confuse it with the ordinary appeal from a judgment, nor with an original proceeding in contempt before a trial court. On petition to review the judgment of the trial court, it is definitely settled that the sole question before the reviewing court is one of jurisdiction of the trial court to render the judgment under review. If it be determined that in the rendition of said judgment the trial court acted within its jurisdiction, then the inquiry ends, and the only order the reviewing court is authorized to make is one affirming the proceedings of the trial court. On the other hand, should it appear from the record as certified to us that the court either had no jurisdiction to pronounce said judgment, or exceeded its jurisdiction in doing so, then the proceedings should be annulled. Sec. 1075, Code Civ.Proc. Other than as just indicated, the writ of certiorari will not be granted to review errors of law (People v. Latimer, 160 Cal. 716, 117 P. 1051), or mere questions of fact. White v. Superior Court, 110 Cal. 60, 42 P. 480. However, in passing upon the question of the trial court's jurisdiction, the reviewing court may consider the evidence before the trial court for the purpose of determining whether it was sufficient to give that court jurisdiction to render its judgment finding the accused guilty of contempt, and in case the court finds that the evidence is insufficient to sustain the conviction it will annul the judgment. McClatchey v. Superior Court, 119 Cal. 413, 51 P. 696, 39 L.R.A. 691; Hotaling v. Superior Court, 191 Cal. 501, 506, 217 P. 73, 29 A.L.R. 127, and Titcomb v. Superior Court, 220 Cal. 34, 44, 29 P.2d 206. But in such a case, the review of the evidence is limited to determining whether there was any substantial evidence before the trial court to sustain its jurisdiction. The power to weigh the evidence rests with the trial court. Daily v. Superior Court, 4 Cal.App.2d 127, 134, 40 P.2d 936; McFarland v. Superior Court, 194 Cal. 407, 228 P. 1033; In re Brambini, 192 Cal. 19, 218 P. 569; Strain v. Superior Court, 168 Cal. 216, 223, 142 P. 62, Ann.Cas.1915D, 702; White v. Superior Court, 110 Cal. 60, 64, 42 P. 480; Imperial Water Company v. Board of Supervisors, 162 Cal. 14, 120 P. 780. Bridges v. Superior Court, 14 Cal.2d 464, 94 P.2d 983, at page 993."

See also: Oil Workers Internat'l Union v. Superior Court, 103 Cal.App.2d 512, 230 P.2d 71 (1951).

■ The trial court among other things found:

"That the defendant Wendell Mathison, caused to be placed on that certain road, known and designated as Wapsheli Road, certain mounds of dirt and rock which obstructed, or tended to obstruct, the public right of free access thereto; these obstructions were placed on said road after the entry of the Court's original Decree, dated the 11th day of February, 1964."

Other of the findings of fact were to the effect that the means used to place the mounds of dirt on the road was a tractor with blade attached; that the blade marks left at the site coincided in size with the blade marks of Mathison's tractor, and that the tractor marks led directly from the site of the mounds to the Reeves ranch, a part of Mathison's holdings.

The record fully sustains the findings of the trial court concerning the tractor; however, the record is absent of any direct proof that the tractor was used by Mathison himself, or under his direction or control. Other facts in evidence and found by the trial court were that the tractor had been carefully parked in shelter on the Reeves ranch with its blade lowered, and with the exhausts covered with a can. The court also found that after an adjournment of the court, taken to allow measurements of the tractor to be made, the tractor had been removed from the Reeves ranch. The evidence that Mathison caused the mounds of dirt to be placed is circumstantial in nature, but there is evidence in the record from which an inference could be drawn leading to this conclusion. Under a record such as this in view of the limited scope of appeal the trial court must be affirmed.

■ Even though the judgment in the case which formed the basis of this contempt proceeding has been reversed, it is our conclusion that such reversal will be of no avail to the petitioner here in the determination of whether the contempt judgment should be upheld. The judgment in the principal cause was not a void judgment for the trial court had jurisdiction of the parties, the subject matter, and the power to enter the judgment it did and the error upon which the reversal is based is not jurisdictional. It is almost unanimously agreed that a person may not disregard or violate such an order, and set up the error as a defense in a contempt proceeding for violation of such order. See cases cited in the annotation 12 A.L.R.2d 1059, at page 1107, § 41.

■ By the judgment, in addition to assessment of a $500.00 fine, Mathison was sentenced to serve five days in jail, which jail sentence was suspended if Mathison would remove the obstruction on the road,

within a fixed period of time. This provision of the judgment was for the purpose of requiring re-opening what the trial court erroneously held to be a public road. The judgment in the companion case having been reversed, this portion of the judgment is now a nullity and is set aside. The judgment as thus modified is affirmed.

No costs allowed.

McQUADE, C. J., and TAYLOR, J., concur.

SMITH and KNUDSON, Justices (concurring in part and dissenting in part).

We agree with the majority opinion that the trial court had jurisdiction to issue the judgment of contempt and that the evidence submitted was sufficient to sustain the conviction. However, since the scope of our review of this proceeding is limited to a determination of the jurisdiction of the trial court to issue the judgment, and having found that the court had jurisdiction, we do not concur in the conclusion that a portion of the judgment has become a nullity or that we may set any part of it aside.

We quote the material portions of the judgment as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"1. That the defendant, Wendell Mathison is guilty of Contempt of Court.

"2. That the defendant, Wendell Mathison, is hereby fined the sum of FIVE HUNDRED ($500.00) DOLLARS lawful money of the United States of America, and sentenced to serve the term of FIVE (5) days in the County Jail of Nez Perce County, Idaho.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

"That the said Five-day jail sentence will be suspended in the event that the said Defendant, Wendell Mathison, prior to January 15, 1965, removes the obstructions on the road which were placed by him.

"In the event that this is not done prior to January 15, 1965, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that his five-day jail sentence shall begin on January 16, 1965, at the hour of 8:00 A.M., and end on January 22, 1965, at the hour of 8:00 A.M."

The judgment shows that the trial court made no distinction between the two elements of the penalty imposed, i. e. the fine and the jail servitude.

The jail sentence was conditionally suspended if Mathison would remove the road obstruction, which he never did. Rather he petitioned for a review and the writ issued. This court in the companion case, No. 9485, released November 24, 1965, 90 Idaho 76, 408 P.2d 450, has held that the road had been abandoned and that Mathison was under no duty to remove the obstruction.

**96**

While we are of the view that neither element of the judgment, i. e. the jail sentence or the fine became void, nevertheless we recognize jurisdiction in the trial court to remit the whole or any part of the penalty imposed. In view of the decision of this court that Mathison was rightfully in possession of the property involved, although technically in violation of a court order, we trust that the trial court will consider remission of such portions of the penalty as may seem advisable in the premises.