893 P.2d 818

**In the Matter of Tom HALE, Esq., Alleged Contemnor.**

**STATE of Idaho, Plaintiff,**

v.

**Fairy Jane OWEN, Defendant.**

**Tom HALE, Esq., Alleged Contemnor–Appellant,**

v.

**Hon. B. Lynn WINMILL, District Judge, Sixth Judicial District, State of Idaho, Respondent.**

No. 21044.

Court of Appeals of Idaho.

April 21, 1995.

872

Thomas F. Hale, Shelley, pro se appellant.

Alan G. Lance, Atty. Gen., Margaret R. Hughes, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this case we are asked to review an order of contempt issued against Tom Hale. After a review of the record, we affirm the order of contempt. Further, because we conclude that the legal issues raised in this appeal are governed by the Idaho Supreme Court's decision, *In re Williams*, 120 Idaho

473, 817 P.2d 139 (1991), or are without merit, we award costs and attorney fees to respondent.

## FACTS AND PROCEDURE

In May of 1993, Hale became counsel for Fairy Jane Owen to represent her in a criminal matter. A trial date was set for June 15, 1993, and Hale entered an appearance on behalf of Owen. At no time thereafter did Hale request or was Hale granted leave to withdraw as counsel of record. Hale did, however, inform the district court and the prosecutor that he did not intend to conduct the trial for Owen. Hale further advised that he had arranged for other counsel, Bob E. Pangborn, to defend Owen at the trial. Pangborn, however, never entered an appearance and no substitution of counsel was presented to the district court in the case. Hale requested a continuance of the June 15 trial date which was denied.

On June 14, 1993, Owen presented to the district court a letter she received from Pangborn. Pangborn's letter advised Owen that Pangborn would not appear as counsel at the trial because of his belief that the prosecution had not fully responded to defense discovery requests. Although the district court attempted to contact Hale, these attempts were unsuccessful.

On June 15, 1993, a jury was empaneled and the prosecution indicated that it was ready to proceed. Neither Hale nor other counsel was present for Owen. The district court rescheduled the trial and contempt proceedings were initiated. The district court issued an order to show cause why Hale should not be held in contempt for failing to appear at the trial and scheduled a hearing on the issue for June 25, 1993. The order to show cause stated that the district court, both on and off the record, had orally advised Hale on repeated occasions of the trial date and of his obligation to either be present at trial to represent Owen or to arrange for other counsel to appear at the trial on behalf of Owen.

Over the next few months, several show cause hearings were vacated and rescheduled due to the filing of various motions in the district court and attempted interlocutory appeals to the Supreme Court by Hale. The interlocutory appeals were dismissed. Each time the hearing was rescheduled, a new order to show cause was issued. These attempts to delay the show cause hearings included an unsuccessful attempt to remove the proceedings from state court to federal court, which was denied by the federal court. A final show-cause hearing was scheduled for November 26, 1993. Though Hale suggested he would not attend, he filed no formal motion for a continuance and presented no substantiated grounds for a continuance.

Hale did not appear at the show cause hearing on November 26, 1993. The district court entered its order finding Hale in contempt, imposed a fine of $500 and ordered Hale to serve four days in jail. Hale appeals from the order holding him in contempt.

## ANALYSIS

Hale raises three issues on appeal:
(1) Whether an attorney's failure to appear at a scheduled hearing or trial constitutes direct or indirect contempt.
(2) Whether there was substantial and competent evidence to support the finding of contempt.
(3) Whether Hale's constitutional rights were violated.

The respondent seeks attorney fees on appeal pursuant to I.C. § 12–121.

## A. FAILURE TO APPEAR IS DIRECT CONTEMPT

Hale first argues that an attorney's failure to appear constitutes indirect, as opposed to direct, contempt. Under I.C. § 7–603, direct contempt, which is committed in the presence of the court, may be punished summarily. Indirect contempt, which is committed outside of the court's presence, requires that an affidavit be presented to the court reciting the facts constituting the contempt. Hale argues that the district court erred in treating his failure to appear as direct contempt and in punishing him without an affidavit setting forth the facts of his contempt.

Hale's brief on appeal extensively quotes verbatim from, but fails to acknowledge

through citation, the Idaho Supreme Court decision in *In re Williams*, 120 Idaho 473, 817 P.2d 139 (1991). In that case, which is nearly identical to the one before us, the Supreme Court stated:

> The circumstances surrounding the absence of an attorney in court are readily apparent to the court. The court is aware that the attorney's presence is required, that the attorney was aware that his presence was necessary and that the attorney is absent. Once the attorney has been given the opportunity to explain the absence to the court, all elements of direct contempt are present. Therefore, the attorney's absence is a direct contempt.

*Id.* at 478, 817 P.2d at 144. The Supreme Court then went on to state:

> While we conclude that an attorney's absence is a direct contempt, this unique situation cannot be dealt with in a purely summary fashion, the contempt is a hybrid and must be dealt with accordingly. The subject attorney must be notified of the charge of contempt, the specific order of the court allegedly violated, and other important facts surrounding the alleged contempt. Proof of knowledge by the attorney of the original court order must also be shown. After receiving notice the absent attorney must be given a meaningful opportunity to explain the absence. These requirements are best met by issuing an order to show cause and conducting a hearing to allow the attorney to explain the absence. The subject attorney must be given the opportunity to be represented by counsel, to call witnesses [on] his or her behalf and to present evidence.

*Id.*

■ In this case, the district court did not err by treating Hale's failure to be present at the trial as direct contempt. Furthermore, the district court complied with the additional requirements imposed by *Williams*. The district court issued an order to show cause and scheduled a hearing on the matter. The order set forth the facts surrounding the contempt and showed that Hale had knowledge of the trial date. Hale was notified in the original and all subsequent orders to show cause that at the hearing, "the alleged contemnor may be represented by counsel, shall be permitted to call witnesses on his behalf and shall otherwise be allowed to present evidence."

Hale does not distinguish or otherwise address the opinion in *Williams* and presents no argument why the law set forth in *Williams* should be disregarded. We conclude that the district court properly characterized the contempt proceeding and followed the requirements set forth in *Williams*.

## B. SUBSTANTIAL AND COMPETENT EVIDENCE IN SUPPORT OF CONTEMPT FINDING

■ Hale argues that there is no substantial and competent evidence to support the finding of contempt. This is the correct standard by which we review contempt findings. *Williams*, 120 Idaho at 476, 817 P.2d at 142; *Mathison v. Felton*, 90 Idaho 87, 408 P.2d 457 (1965).

■ Hale does not, however, provide a transcript of a hearing or other evidence before the district court which contradicts the district court's finding. Because Hale did not attend the November 26 show cause hearing, he presented nothing to the district court to explain his absence nor did he offer an explanation as to why no counsel for Owen appeared on the June 15, 1993, trial date. Throughout the proceedings below, Hale attempted to informally explain his absence but failed to have admitted into the record documents he claimed supported his explanation. Similarly, on appeal, Hale has made reference to documents that purportedly support his explanations, but none of these documents are contained in the appellate record. We also have no transcript demonstrating that Hale ever offered his explanations before the district court in the course of a hearing. Therefore, the only evidence which we may properly consider supports the district court's finding of contempt.

## C. VIOLATION OF CONSTITUTIONAL RIGHTS

Finally, Hale argues that his constitutional rights to due process were violated in the proceedings below. Hale claims that Judge

Winmill should have been disqualified from the show cause hearing because he was the initiator of the contempt charge and Hale would have been required to call him as a witness.

■ Whether a judge must be recused or disqualified in a direct contempt proceeding was, again, clearly resolved in *Williams*, where the Idaho Supreme Court stated:

> In summary contempt proceedings, the necessities of the case require the judge who witnessed the conduct to preside at the hearing. Indeed, both I.C. § 7–603 and I.C.R. 42 allow, if not require, that the judge who witnessed the conduct punish such conduct. It is also important to consider that the Idaho Rules of Evidence bar a judge from serving as both judge and witness in the same proceeding. Because the judge is to preside at the hearing and the judge cannot be called as a witness, there is no right to call the judge as a witness in summary contempt proceedings. Nor does this violate any constitutional rights.

120 Idaho at 480, 817 P.2d at 146 (citations omitted). Thus, Hale's claim that he was denied his constitutional rights because the judge did not recuse himself and could not be called as a witness is without merit.

■ Hale claims that he was not allowed adequate representation by counsel because, though he claims he requested a continuance to secure counsel for the November 26 hearing, no such continuance was granted. Aside from the fact that there is no request for a continuance in the appellate record, Hale had notice from the very first order to show cause, issued June 17, 1993, that he would be allowed representation at the show cause hearing. Hale's failure to attend the show cause hearing on November 26 cannot be the basis of a claim that he was not allowed representation. Hale had more than adequate time to secure counsel and could have been represented had he attended the show cause hearing.

The remainder of the issues that Hale raises regarding the violation of his constitutional rights were not raised below, and we therefore will not consider them, *State v.*

*Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), or are meritless and do not warrant discussion.

## D. ATTORNEY FEES ON APPEAL

Finally, we address the issue of whether respondent is entitled to attorney fees on appeal. Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a court may award attorney fees to the prevailing party where it finds that "the case was brought, pursued or defended frivolously, unreasonably or without foundation." Such an award may be made on appeal:

> Where the appellant fails to present any significant issue on appeal regarding a question of law, where no findings of fact made by the trial court are clearly or arguably unsupported by substantial evidence, where we are not asked to establish any new legal standards or modify existing ones, and where the focus of the case is on the application of settled law to the facts, the appeal is deemed to be without foundation. Under those circumstances, attorney fees should be awarded to the respondent.

*Troche v. Gier,* 118 Idaho 740, 742, 800 P.2d 136, 138 (Ct.App.1990).

■ In this case, not only do we find the above standards applicable and award fees based upon them, but this Court is left with the abiding belief that this entire action is a deplorable abuse of the judicial process. While Hale has a right to contest sanctions levied against him for contempt, his continued unfounded delays, frivolous filings and overall unwillingness to confront the issues on their merits extend beyond the acceptable bounds of a litigant's assertion of rights. Hale has repeatedly attempted to take improper interlocutory appeals in this case, attempted to remove the matter to federal court, and apparently desires to endlessly continue this litigation. This behavior below has culminated in this appeal—an appeal which raises legal issues that were firmly resolved adversely to Hale by *Williams* and other well-established case law. No credible challenges have been made to the factual findings below and no arguments have been advanced for the modification of existing law. Accordingly, we award costs and attorney fees to respondent on appeal.

## CONCLUSION

The issues in this appeal have been thoroughly addressed by prior case law. No valid arguments are made for the alteration of this law. The minimal evidence in the record supports the district court's finding of contempt. The order of contempt and sanctions imposed are affirmed. Because we deem the appeal to have been brought frivolously and without adequate legal foundation, we award costs and attorney fees to respondent, to be determined pursuant to I.A.R. 40 and 41.

WALTERS, C.J., and LANSING, J., concur.